## STAFFORD *against* J. V. N. YATES.

*ASSUMPSIT* on a promissory note, dated *Albany*, October 1st, 1818, made by *Sebastian Visscher*, for 300 dollars, payable to the defendant, or his order, sixty-two days after date, at the *Mechanics'* and *Farmers'* bank, endorsed by the defendant, to the plaintiff. The cause was tried at the *Albany* circuit, in *October*, 1819, before Mr. Justice *Van Ness.*

It appeared, that the note, endorsed by the defendant, and by the plaintiff, as second endorser, was discounted at the bank, where it was made payable, for the accommodation of the maker. The note was protested for non-payment on the 5th of *December*, and due notice of the demand, and non-payment, given by the *notary* of the bank, in the evening of the same day, to both of the endorsers. On the 24th of *February*, 1819, the plaintiff went to the bank, where the note remained, took it up, and having erased his name as second endorser, afterwards brought his action against the defendant, as first endorser.

At the trial, after the plaintiff had proved the facts above stated, the defendant's counsel objected, that the evidence was not sufficient to support the action, on the ground, that the plaintiff had not proved a notice from himself, as *second* endorser, to the defendant, as first endorser, according to the averment in the declaration, and had so long delayed taking up the note; but the judge overruled the objection, and charged the jury, that the proof was sufficient to charge the defendant, and that they ought to find a verdict for the plaintiff. The jury, accordingly, found a verdict for the plaintiff, for 318 dollars and 37 cents. The defendant's counsel excepted to the opinion and direction of the judge, and tendered a bill of exceptions pursuant to the statute.

The declaration contained a count on the note, and the usual money counts. The count on the note, after stating the presentment of the note, and the refusal of payment,

*Any person who is a party to a note or bill, may give notice of its dishonour to the other parties; and a notice given by the holder to the several endorsers, enures to the benefit of the endorsees, or preceding parties. So, that the first endorser of a note who has received notice of its nonpayment from the holder, but not from the second or subsequent endorser, is liable to such subsequent endorser in the same manner as if the notice had been received from him. Though the last endorser delays, for more than a year, to take up the note, and bring his action against a prior endorser, who has received notice of non-payment from the holder, the delay does not affect his right of action against the first endorser.*

&c. averred notice as follows : " of which the before named plaintiff, afterwards, to wit, on the day aforesaid, gave notice to the before-named defendant."

A motion was made to set aside the verdict.

*Van Vechten,* for the defendant. 1. The second endorser, on receiving notice of the note being dishonoured, is bound to give notice to the first endorser, that he intends to look to him. In *Morgan* v. *Woodworth,* (3 *Johns. Cases,* 89.) the Court said, that when the second endorser is called on for payment, in default of the maker, he ought to take up the note immediately, and give immediate notice to the first endorser. This general principle is laid down as a settled rule, without adverting to the fact of a notice having been given to the first endorser by the holder.(a)  Such, also, appears to be the mercantile usage. (*Jameson* v. *Swinton,* 2 *Taunt. Rep.* 224.  *Hilton* v. *Shepherd,* 6 *East,* 44. note.  *Bayley* v. *Betts,* 83.  *Chitty on Bills,* (2d ed.) 166, 167.  2 *Bro. P. C.* 265.)  The plaintiff has averred, that he gave notice of the demand and non-payment to the defendant; and if that averment was necessary, it ought to be proved. The fact is, that the defendant received no notice from the plaintiff until more than a year after the protest, and then only by the present suit.

*Foot,* contra.  In *Morgan* v. *Woodworth,* the defendant, who was the first endorser, had not received *notice* from any person whatever, either from the holder or the second endorser. That case goes no further than to decide, that the first endorser is not liable, without notice ; and if the second endorser looks to him, he must take care that he receives

(a) In the case above cited, no notice was given by the holder to the first endorser, though a notary was employed by him for that purpose. The notary was, afterwards, sued by the second endorser for his neglect, in not giving the notice, pursuant to his engagement to the holder : but the Court held, that the action could not be sustained, on the ground, that the special undertaking of the notary to *A.*, the holder, would not enure to the benefit of *M.*, the second endorser, and it was no part of the general duty of a notary to give notice to the endorsers. (*Morgan* v. *Van Ingen,* 2 *Johns. Rep.* 204.

due notice. If any thing more is said by the Court, it is a <span style="float:right">UTICA,</span> *dictum* merely. But the decision in that case is according <span style="float:right">October, 1820.</span> to the well settled rule in *England*, that the endorser must <span style="float:right">STAFFORD</span> have notice from some person who has a right of action on <span style="float:right">v.</span> the bill. (*a*) Though *Bayley* and *Chitty* state this to be the rule, <span style="float:right">YATES.</span> yet they advise, for greater caution, that each party, immediately on receiving notice, should give notice, also, to the parties who may be liable over to him, and against whom he will be obliged to prove notice ; and the case of *Morgan* v. *Woodworth*, shows the propriety of that caution. But all the books agree that a notice by the *holder*, accrues to the benefit of all the preceding parties. The *holder* may be satisfied with giving notice to his immediate endorser only ; but if he does, in fact, give notice to all the endorsers, it will accrue to the benefit of each endorser. (*Chitty on Bills*, 166. (239.) *Bayley*, 83. *Kyd on Bills*, 126.) In *Jameson and others* v. *Swinton*, (2 *Camp. N. P. Rep.* 373.) the objection was, that the defendant, who was the first endorser, had received notice of the dishonour of the bill from the second endorser, and not from the plaintiffs themselves, who as *holders*, had given notice to their endorser ; and that the plaintiffs could not avail themselves of a notice given by a third person ; but *Lawrence*, J. said, that he did not remember to have heard the objection made before ; and was of opinion that the endorser was liable, if he had due notice of the dishonour of the bill from any person who was a party to it. (*Shaw* v. *Croft, Chitty on Bills*, 180. note.)

*Per Curiam.* We see no ground to doubt the correctness of the decision at the circuit. Upon authority, as well as sound reason, it is sufficient that the first endorser had notice from any subsequent holder of the note, of the default of the maker, and that he would be looked to for payment ; provided such notice were given immediately after such default. The only object in requiring notice is, that such endorser may have recourse to the *maker*, to indemnify himself. And whether, after such notice, the first endorser be sued by the second, or third endorser, is immaterial ; and

(a) Vide *Utica Bank* v. *Smith, Ante*, 230.

UTICA,
October, 1820.

STAFFORD
v.
M‘VEY.

notice of non-payment, &c. from either of them, enures to the benefit of all who stand behind him on the note.

As to the delay on the part of *Stafford,* in taking up the note, it cannot lie in the mouth of the first endorser to impute *laches* to him. *Yates* was bound to save his endorsee harmless, and he ought to have taken up the note himself. The *laches* lies at his own door. The case of *Jameson and others* v. *Swinton,* (2 *Campb. N. P.* 373.) before *Lawrence,* J. is in point for the plaintiff. (a)

Judgment for the plaintiff.

(a) The French law fixes, with great precision, the time within which the parties to a bill which is protested, are to bring their respective actions.

Where the bill is payable in France, *fifteen* days after the protest are allowed, if the drawer or endorser lives within ten leagues of the place where the bill is payable ; and an additional day is allowed for every five leagues beyond that distance

The periods of delay, as to bills payable in different countries, are regulated in the same manner : and if the *holder,* or any of the endorsers, neglect to pursue their remedy against the parties liable to them, within the periods so prescribed, their rights are barred. (*Pothier, trait. de Cont. du Change, n.* 152. 153. *Code de Commerce, liv.* 1. *tit.* 8. *sect.* 11.)