Catson, Ch. J.
delivered the opinion of the court.
The question in this cause is, whether due diligence was used to notify Butler, the first endorser, of the nonpayment of the note by the makers.
The paper sued on was made payable at the Branch Bank of the United States at New Orleans; of course as the contract was to be there performed, the laws of that place governed it. No local legislation of Louisiana has changed the general commercial law of America and Europe; which law must determine the rights of these parties.
To see what the duties of Duval were, we must look to the contract and the parties to it at the time it was dishonored ; it is as follows:
“$3060 50. — On the first day of May, one thousand eight hundred and thirty, we or either of us promise to pay William E. Butler, or order, three thousand and sixty dollars and fifty cents, payable at the office of discount and deposite of the Bank of the United States at New Orleans, for value received. Witness our hands and seals.
Jackson, 24th March, 1828.
Jno. K. Chester, (Seal.)
F. C. Dulaney, (Seal.)
Endorsed — Wm. E. Butler, R. Armstrong, James S.
Duval, Jno. F. Weison, Cashier, pay S. Jaudon, Cash» ier, or order, J. Andrews.
*268 The p0te Was made at Jackson, Tennessee, where the makers, and Butler the first endorser, resided, it was passed off to Robert Armstrong of Nashville, who transferred it to James S. Duval of Germantown, Pennsylvania. Duval endorsed it for the purpose of collection, and deposited it in the Germantown Bank. The cashier of that Bank, Weison, endorsed it and deposited it in the United States Bank at Philadelphia, for collection. Andrews, an officer of that Bank, endorsed it to Jaudon, Cashier of the Branch Bank at New Orleans for collection. The court below charged the jury, “That it made no difference whether the Banks acted as holders or agents for plaintiff; the principles of notice being the same in either case.”
On the matter of law expressed by the charge, the cause depends. Is it true, that the agents for collection, whose names are on the note, must be treated as holders for value, so far as regards Butler, the previous endorser? Had he paid the note to Jaudon when due, or to Andrews when returned to Philadelphia, or to Weison when returned to him at Germantown, would not Duval have been estopped to deny the power of either to receive the money? The payment would have been a discharge to Butler, and Duval could not be heard to say, a holder in fact, had no authority to receive payment.
Estoppels are reciprocal and bind both parties. 4 Com. D. Estoppel (B.)
If Duval would have been estopped to call in question the character in which the endorsees subsequent to him held, had Butler paid, so is Butler estopped when Duval is attempting to enforce payment. Every endorser in fact, and every holder in fact, must be treated as a party to commercial paper, passing as current cash. Were it otherwise, the community would be cheated every day, by persons who passed banknotes, bills of exchange, and promissory notes, payable to bearer and endorsed in blank. Very often the holder in fact has no title, and *269 sometimes is a common thief; but the purchaser m the ,. . . . . , . 1 . , . course or trade cannot inquire alter his title, more than he can take time to trace the holder’s title to the guinea or dollar, nor need he enquire how or why the endorser’s name came on the paper, so it be there in fact. Jaudon, Andrews and Weison might have brought this suit, and no enquiry could have been made by Butler, what were the responsibilities as between the endorsees posterior to him. It was therefore, truly charged by the circuit court, that it made no difference whether the Banks acted as owners or agents. Such is the settled commercial law in England and America. Haynes vs. Hicks 3 Bos. and Pull. 597: Longdale vs. Trummer, 15 East, 291: Colt vs. Noble, 5 Mass. R. 167: U. S. Bank vs. Goddard, 5 Mason’s R. 366.
This rule being settled, the next is, and one of thq oldest governing commercial paper, that on its dishonor by the maker or acceptor, the holder applies to his immediate endorser for payment, the latter notifies the endorser immediately preceding him, and so on to the first, the notices by circuity tracing, from last to first, the parties liable. If in this manner, the first endorser of a' note, (or drawer of a bill,) gets notice, his liability is fixed as to him to whom he endorsed, which was the making of a new note or bill; and being liable to one, is so to every subsequent endorser. See authorities above, and 2 Camp. 373: 1 Starli/e7 34: 18 Johns. 327.
Truly, any party to the paper may notify all the previous parties to it, of its dishonor directly, and this is due diligence as is1 seen by the foregoing authorities; and this is the practice in Tennessee; still circuity of notice is the older rule, and equally well settled. The court thinks there is no doubt in this case, and orders the judgment to be affirmed.
Judgment affirmed.