GReen J.
delivered the opinion of the court.
The only inquiry is, whether upon this evidence, as applicable to the law of the case, a new trial ought to have been granted. It is manifest that there was no agreement between the parties, other than that which the law implies, i The evidence relied upon does not tend to prove such an agreement, but the contrary. It is true that Mr. Boyd, who seems to have been the friend or agent of Mr. Johnson, told the plain- *4 ^ some arrangement should be made, by which the defen-should pay half of the note. The plaintiff, however, so far from acceding to this proposition, directly rejected it, declaring that he was advised defendant was liable to him for the whole amount. -• Entirely unaffected by any agreement of the parties, their rights- and liabilities must depend upon the principles of law which govern the case.
In the case of M'Donald vs. M'Gruder, 3 Pet. Rep. 474, chief justice Marshall lays it down distinctly, as the settled law governing contracts of this description, that a prior endorser is, in the regular course of business, liable to his en-dorsee,-although that endorsee may have afterwards endorsed the same note. When he takes up the note, he becomes the holder, as entirely as though he had never parted with it, and may sue the endorser for the amount. The first endorser undertakes that the maker shall pay the note; or that he, if due diligence be used, will pay it for him. This undertaking makes him responsible to every holder, and to every person whose name is on the note subsequent to his own, and who-has been compelled to pay the amount.
.This is the regular course of business, when notes are endorsed for value; nor is the case altered, as it is contended, where the endorsements are made for the accommodation of the drawer. Where there is no' contract between the parties, other than is created by their respective endorsements provided by the act of endorsement,, the first endorser gives, his name to the maker of the note, for the purpose of using it in order to raise the money mentioned on its face, he makes himself responsible for the whole sum, upon the sole'credit of the maker. His undertaking is undivided, and he is responsible for the whole.
These principles are recognized by this court in the case of M'Neil vs. Elam, Peck’s Rep. 268, where judge Haywood (with whom the whole court concurred) said, “each subsequent endorser acts upon this idea, that each preceding one has insured him against damage, and promised indemnification against it.” This being the settled law of this court, it follows that the verdict of the jury was directly contrary to law, and ought to have been set aside by the court, and c new trial .granted.
*5 But it is insisted that it is a hard case upon the defendant, and that as he has the verdict of a jury in his favor, the court ought not to set it aside. In answer to this argument, the language of judge Crabb, in Gregory vs. Allen, Martin & Yer. 77, may he appropriately applied. He says, “there are some cases where courts have refused to set aside verdicts on account of the justice of the case having been attained. But we do not believe this doctrine has ever been applied to endorsement cases, or cases founded on commercial law; nor do we think it ever ought. It is impossible to tell in this instance on which side lies the justice of the case. In all such cases, the court knows no distinction between the justice of the case, and the law of the case.” So, here, it is impossible to tell whether the plaintiff may not have endorsed this note, entirely upon the responsibility of the defendant, whose name was placed upon the note before his. In the absence of proof to the contrary, that is the presumption of law. In that event, “the law of the case is the justice of the case.”
It is insisted in behalf of the defendant in error, that if the cause he reversed on account of error against the plaintiff, still, that judgment ought to he rendered for the defendant, because of errors which the record shows intervened against him at the trial.
1. He contends that the demurrer to his plea of no consideration for the endorsement, ought to have been overruled, and judgment should have been rendered in his favor upon the plea. ' The court did not err in sustaining this demurrer. The plea, that there was no consideration for this endorsement, is not a good defence. It is true, the defendant received no consideration, hut a consideration was paid by the holder for the note, and paid upon the credit of the defendant’s name; for it was upon his responsibility the plaintiff became endorser on the note and liable to pay its contents to the hank. The defendant, therefore, cannot set up the want of consideration to himself; he is not permitted to say that the promise is made without consideration, because money paid by the promisee to another, is as valid a consideration as if paid to the promisor himself.
Tho claim of the second, on the first endorsar, does not *6 differ from that of the holder on the second endorser; nei-paj¿ vajug tQ jmmediate endorser, hut the holder paid value to the maker, on the credit of all the names to ¡nstrument. The second endorser, when he took up the note, paid value to the holder in virtue of his liability created by the endorsement, and this being founded on an undertaking which was entered into on the credit of the first endorser, the contract between them cannot be said to be without consideration (3 Pet. 476). The counsel have introduced authorities to show that the consideration can be inquired into, as between endorser and endorsee. These authorities do not apply to the present question. They all relate to the case where an endorsement has been made in the usual course of business, and not for the accommodation of the maker. In such case, it is held, 13 John. Rep. 52, that when the consideration passing between the endorsee and his endorser, is not equal to the amount of the note, the endorsee in an action against the endorser, can only recover the consideration which he has actually paid. In that case, the plea would be different from the present. Here, he says, there was no consideration for the endorsement; we have seen, that although he received nothing, yet the consideration received by the drawer, for whose accommodation he made the endorsement, is as valid to support his promise as if the money had been paid to himself.
2. It is insisted, that the notice which was given by the bank to the present defendant, is not sufficient, but that the plaintiff himself ought to have given notice.
It is well settled, that a notice given by the holder to the several endorsers, enures to the benefit of the endorsers, or preceding parties, so that the first endorser of a note, who has received notice of its non-payment from the holder, but not from the second endorser, is liable to the second endorser in the same manner as if the notice had been received from him. 18 J. Rep. 327: Chitty on Bills, 227.
3. It is insisted, that the notice to Mr. Johnson ought to have been sent to Washington city, and not to Clarksville. The law is well settled, that a notice sent to the endorser’s place of residence is good, notwithstanding he may have tem *7 porarily removed. 2 Cain’s Rep. 127. It was impossible f°* the parties to know how long Mr. Johnson would remain Washington; congress had power to adjourn at any time. Mr. Johnson’s removal was temporary, and the holder of the -pote could not know how soon he might return. We think -⅜⅛ notidjsufficient. ' t ⅛⅞
1 Reverb the judgment and remaSd the 'cStise for another trial.
Judgment reversed.