Curia, per
Frost, J.
The only question presented for consideration in this case is, whether endorsers for the accommodation of the maker, stand in the relation of co-sureties to each other, so as to create between them a liability to contribution. By the very form and legal effect of the instrument, an endorser, by his endorsement, engages that the drawer or maker will pay; or that he, the endorser, will on his default and due notice thereof, pay the note or bill; and the simple writing of the name on the back of the bill or note implies this engagement, and an adequate consideration for the making of it; and also, “if several persons endorse a note, that they are not joint sureties to the holder, but each one is severally liable; and they are liable to one another in the order of their respective endorsement, so that any later endorser may recover of any prior endorser, whatever he may have paid on the note to the holder.” Bail. Bills, 151. To those conditions each and every one, by the fact of endorsement, is, by law, considered as assenting and bound. The liability created by contracts is determined, in many particulars, by their form. A seal imports a consideration, a deed is necessary to convey land, and a written contract binds the parties strictly according to the terms of it. One having become a party to a contract in either of these forms, is subject to all the incidents and liabilities the law attributes to them. He cannot aver a want of consideration to a bond, nor claim land transferred to him by any proof of contract, other than by deed, nor vary his liability under a written instrument, by the clearest proof of mistake or omission, operating the greatest hardship. An endorsement imports *750 a consideration as much as a seal; the liability of the endorsers to each other, in the order of succession, is as well settled in law as that a deed is necessary to a valid transfer of land, and being in writing excludes parol evidence to vary, contradict or explain it, under the well established rule on that subject. These positions are not disputed in their application to endorsements in the course of business, but it is contended that they do not apply to endorsements for the accommodation of the* maker. One argument for the distinction is, that there is no consideration passing between accommodation endorsers. This argument can only be supported by begging the question, for if the liability of accommodation endorsers is according to the effect of the endorsement, there is a consideration between them, not of benefit, but of loss to one party who may be compelled to pay the note. If A. promises B. that if B. will join A. as surety to C. he, A. will pay the debt in case C. does not, and will stand between B and C’s. creditor, if B is compelled to pay the money, he may sue A on this engagement, and the payment he has been obliged to make, on the faith of A’s promisp, is sufficient consideration to maintain the action. But such is precisely the legal effect of a prior endorsement. It is a contract with every succeeding endorser who.sees the name on the note, and subscribes his name under it. It is further argued .that accommodation endorsers, being sureties to the holder of the note, for the payment of it, if the maker does not, that they are co-sureties, and may claim contribution in that character against each other. But every common liability for the debt of another does not create the relation of co-sureties. 'I he liability of cosureties to contribution, does not depend on contract, but is a principle of relief in equity, from which it has been transplanted into the common law jurisdiction, where it subsists in a dwarfed and feeble condition. But even in equity, where its ramifications are numerous and extensive, it is admitted that one may place himself out of the reach of the principle. In Craythorne vs. Levinburne, 14 Ves. 159, the train of Ld. Eldfon’s argument is, that in every case it must be considered, if the meaning of the instrument executed by the party is, that he will be a co-surety with the other party bound, *751 or be considered, with reference to him, as if he were principal. If the latter, then the party has withdrawn himself from the reach of the principle ; and the argument is thus summed up. “That a party may, by special agreement, contract so as not to be liable in any degree ; and this leads to the true ground, the intention of the parties to be bound, whether as co-surety, or only if the other does not pay ; that is, as surety for the surety, and not as co-surety with him.” Unless the distinction between accommodation and business endorsements, contended for by the plaintiff, be granted to’ him for the use of his argument, an endorsement comes precisely within the description of contract which, according to Ld. Eldon, is exempted from the operation of the principle of contribution. The first endorser is principal to the second, but the second is surety to the first endorser, who is, with the second and all other.endorsers, sureties to the holder, but successively and supplementally to each other, in the order of their endorsements, and not as co-sureties. It is further argued that the law recognizes some distinctions between accommodation and business endorsements; and it is true in a very few particulars. But exceptions prove the general rule, and the diligence of the plaintiff’s attorneys has been able to discover only two authorities, from Ohio and North Carolina, to countenance the distinction he contends for.
If then (as is most necessary and consistent with reason,) by intendment and operation of law, parties are liable according to the legal effect and import of the instrument by which they become bound, unless the plaintiff can shew, by the authority of adjudicated cases, that the effect and import of an endorsement are different in the case of endorsers for value, and endorsers for the accommodation of the maker or any third party, the plaintiff cannot maintain his demand for contribution, against the defendant. • Not a case can be found in the English books giving sanction to such a distinction. The Supreme Court of the U. States, and of New York, Massachusetts, Pennsylvania, Virginia, Maryland, Kentucky, Louisiana and Connecticut, have by decisions renounced any such distinction. McDonald vs. McGruder, 3 Pet. 470; Church vs. Barton, 9 Pick. 647; Farmer's Bank vs. Vanmeter, 4 Rand. 553; Wood vs. Repold, *752 3 Harr, and Johns. 125; Murray vs. Judah, 6 Cowen, 484; Hixon vs. Reed, 2 Littell R. 176 ; Brown vs. Matte, 7 J. R. 361; Bank of Montgomery vs. Walker, 9 Serg. and R. 239; 18 Martin, 517 ; Talcot vs. Cosswell, 3 Day. R. 512.
In the absence of any decisions, and from the general conformity of the law of the several States with the English law, it may be presumed that, on this subject, it is the same in the other States as in those in which the question has been made and decided. Only the two cases from Ohio and North Carolina have been adduced to the contrary.
In this State the very question was decided in the Bank of the State vs. McWillie, 4 McC. 438. The plaintiff was non-suited, and the appeal was taken on the sole ground, that endorsers for the accommodation of the maker were co-sureties and mutually and equally liable; but the non-suit was affirmed ; Nott and Johnson, Justices, reserv- ' ''' ‘ ostión. In Simons's Ex’or. vs. Hort, 3 Brev. 462, the same orinciple seems to have been recognized/ It was an action by the endorser to recover from the maker the balance which remained due on a note, after crediting what had been paid by the maker. The defence was, that the note had been made, and the amount of it obtained by discount in the Bank, for the use of a common friend of the parties to the note, and proof was offered to shew a special agreement between the parties, that the maker should pay only half the note. Having paid more than that proportion, he contended he should have a verdict. But the jury found for the plaintiff the balance due on the note, and a new trial was refused. The case seems to have been decided entirely on the proof of the special agreement. But the affirming of the verdict seems inconsistent with the recognition of the parties to accommodation paper as co-sureties, since the fact that the note had been made and endorsed for the use of a third person, appears to have been undisputed. No case can be found in the judicial records of this State, in which a first endorser paying a note, has recovered contribution against the other endorsers. If the law had not always been well settled, known and acquiesced in by the people, the court would have teemed with such cases, as principle seems to have been *753 they do with suits to enforce the recognized liabilities of parties to notes; which constitute the principal evidences of indebtedness in the community.
Considerations of expediency, which it is supposed may affect the judgment of the court, serve to confirm the conclusion from argument and authority. For ages endorsements have been in use, as a form of contract, binding the parties as sureties in successive liability. They have been long and invariably known to the people of this State, by common and familiar use, as importing that engagement. It is unwise, unless from very urgent considerations of policy or convenience, to change the form and effect of the common securities of the country. Such changes, even by legislation, greatly disturb the operations of business ; and when made by judicial decisions, which are retrospective in their effect, operate extensive mischief and injustice. The adoption of the distinction contended for by the plaintiff, would affix liabilities to parties on note, to the amount of many millions, contrary to their understanding and intention when the contracts were made. Regard to convenience in a commercial and wealthy community, unites with ancient usage in this State, to require some form of written contract importing a successive liability of sureties. Joint and several bonds, notes and endorsements, are familiarly known as the forms creating the obligation of co-suretyship. Endorsers may engage between themselves for contribution. The question of expediency, then, is resolved into this, whether endorsements shall import a uniform, determinate liability between the parties,' consistent with the form and import of the instrument, subject to parol proof of special agreement between the parties for contribution; or be subject to an embarrassing distinction, to be established by parol between such as are for value and such as are the effect of endorsements for accommodation, as importing a common liability, subject to be counteract? ed by parol proof of agreement between the accommodation endorsers, that they should be liable as successive sureties. Thus parol proof is to be admitted to vary the certain, well understood effect of an endorsement, by proof that it was not for value, and to impose on the parties the necessity of further parol proof of agreement, to restore the *754 respective liabilities, which, without the distinction it is proposed to introduce, the instrument would certainly import by its terms. It may comport with the poverty and simple dealings of an uncivilised people that all Contracts should subsist in parol only; but the necessities of commerce, trade and exchanges in a wealthy and commercial community, require written securities of various form and effect, to express and confirm various modifications of contract.
On grounds of law, as well as expediency, the distinctions urged for the plaintiff cannot be supported, and the motion to set aside the non-suit is refused.
Richardson, Evans, Bptler and Wardlaw, JJ. concurred,