CHIEF JUSTICE WILLIAMS
delivered the opinion of the court.
The Commercial Bank of Kentucky having recovered judgment against Tarkinton as acceptor and White as a drawer of an inland hill of exchange for $2,072.90, which Edelen had indorsed, but was not served with process, White paid the bill, and took a transfer from the bank of all its rights to pursue the indorser; and then, by an amended petition in his own and the bank’s name, sued Edelen for one half the amount so paid by him, averring that by agreement he and Edelen were co-sureties of Tarkinton, who had become insolvent.
Issue was made, evidence heard, and the jury found for White half the amount which he had so paid; and, the court having so adjudged, Edelen seeks a reversal.
It is objected that improper evidence was permitted to go to the jury. The deposition of the president of the branch of the Commercial Bank which held this bill was taken, and in which he stated that after the bill was protested Edelen came to see about arranging for one half the bill, which was agreed on; but that this was conditional upon White arranging the other half, and if he should fail to get White to pay one half the debt he was to write the president, and suit was then to be instituted.
McBrayer, the president, was next, and in the fourth question asked, if Edelen did not agree to pay one half, if he could get White to pay the other half of the bill, and how did he propose to do this? the answer being: *410 He did agree to pay one half of said debt, and was to arrange it by selling the bank another bill.
In the next and fifth question he was asked: "What impression was left on your mind as to his liability and that of White upon said bill? This was objected to, and objections entered; but the officer taking the deposition did not decide it; consequently the answer was given.
On the trial all the questions and answers were objected to, “especially to so much of the answers as speaks of the bill of exchange, which he speaks of never having seen the same, and not being produced; and all the statements of the witness giving his inferences and impressions;” “which exceptions the court overruled, except- as to question four and the 'answer thereto, which the court sustained; to which ruling the defendant at the time excepted, and now excepts.”
These questions were not numbered, and it requires close scrutiny to ascertain which was the fourth or fifth interrogatory; and as the answer to the fourth is of the precise legal effect as that to the third, there can be no perceivable reason why exception should be sustained as to it and overruled as to the other; besides, both are clearly competent and relevant, while the fifth interrogatory and the answer thereto are as clearly incompetent and irrelevant, and comes within the especial exception of the defendant thereto. It is therefore apparent that the sustained exception applied to the fifth instead of the fourth question, and was misdescribed in the bill of exception.
But if it should be insisted that we should adhere to the rigid letter of the bill of exception, then appellant has no exception to the overruling of the exception; for there were two rulings — one overruling the exceptions as to all but one question, and one ruling sustaining the *411 exception as to it; and the latter ruling is the nearest in relation and contiguity to the exception, and therefore the rigid letter would apply this exception to such ruling, while it is apparent that it applied to the former ruling refusing to sustain the exceptions to the other answers.
Applying both rulings, however, as was evidently intended by the court, we see no error in either. As to the two bills of exchange given by White to the bank in liquidation of the judgment against him and Tarkinton, and received by it in payment; and as the judgment and suit of the bank against the original parties had been transferred to White, it was simply a fact of payment by him; and whether the president had ever seen the bills or not was a matter of no consequence. The payment by White of the debt was the gist of the matter. There was no error therefore in allowing the president to state how the debt was paid, though he had not seen the bills.
Even if, after a thorough analysis of the evidence, it be regarded as conflicting, still it fully authorized the jury, in their discretion, to find that it was originally agreed and understood that these parties were the joint and co - securities of Tarkinton as mere accommodation indorsers, and therefore not to be governed by the law merchant, but by our statute.
The first evidence of the debt was a note which had long since been taken up and lost, but in which both White and Edelen were Tarkinton’s securities; but as to the exact position of their names on that note the evidence is silent. The two subsequent renewal notes in this record are signed by Tarkinton and White, payable to Edelen, and indorsed by him. But still his voluntary attempt to arrange one half the debt with the bank on condition that White would arrange the other half is an imposing fact to establish the original agreement or under *412 standing that they were joint and equal co-securities, not in the least impaired by the fact that Tarkinton had assigned to Edelen a note for one thousand nine hundred dollars on his brother-in-law, which Tarkinton stated to White was to pay this debt or indemnify him as security, but which Tarkinton stated, as a witness, was for the benefit of his wife for money he had years before collected from her father’s estate and used; nor from the additional fact that Edelen had recently bought Tarkinton’s farm at some four thousand dollars, and had paid him therefor; nor from the relationship existing, Edelen being Tarkinton’s son-in-law; nor from Edelen’s conduct in evading the service of summons on the original suit of the bank, thereby throwing the burden of meeting the judgment wholly upon White.
If the instruction B, given at plaintiff’s instance, be liable to a verbal criticism, which is by no means certain, yet it was fully corrected by the strong instruction No. 1, given at defendant’s instance.
On the whole, we see no reversable error in the instructions, nor is there any just reason to disturb the finding of the jury. Wherefore the judgment is affirmed, with damages, a supersedeas bond appearing.