### EASTERLY v. BARBER.

*Indorsement — accommodation indorsers — when co-sureties — contribution — Evidence — parol proof to explain writing.*

In an action by the third indorser of a note who had paid it against the second, it was shown that the indorsements were accommodation, that there were four indorsers, and that at the time of indorsement it was agreed that in case of payment each should contribute ratably thereto. It also appeared that the first and fourth indorsers were insolvent. *Held,* (1) that the agreement in question could be proved by parol; (2) that the second indorser was liable to the third as co-surety only; and, (3) that the other indorsers being insolvent the second indorser was liable for one-half the amount paid by the third indorser.

EXCEPTIONS ordered to be first heard at general term upon a motion for a new trial by plaintiff after a verdict.

The action was brought by John M. Easterly as third indorser against William C. Barber as second indorser of a negotiable promissory note for $500, made by the Stevenson Manufacturing Company, payable to the order of E. G. Knight, at the National Exchange Bank of Auburn, and indorsed by E. G. Knight. C. D. McDougall was fourth indorser.

The defense was that the note was accommodation paper — all the indorsers being stockholders in the company, and all indorsed it under an agreement that in case it should be collected of either they would pay their equal portions and contribute to the loss equally, and would be obligated together as co-sureties.

The note was discounted at the bank, was protested and sued; and judgment obtained against the plaintiff and collected of him.

The agreement to share equally as co-sureties was proved on the trial to the satisfaction of the jury, and a verdict rendered for one-fourth.

The plaintiff proved that McDougall and Knight were insolvent; and he claimed that he was entitled to recover the whole amount; or, if the indorsers were only liable as co-sureties, he was entitled to recover one-half. The judge restricted the recovery to one-fourth, to which the plaintiff excepted.

*Cox & Avery*, for plaintiff.

*F. Kernan*, for defendant.

MORGAN, J. The plaintiff claims to recover the full amount of the note; or, if the agreement of the accommodation indorsers is valid, he should at least recover one-half of the note — as both of the other two indorsers are shown to be insolvent.

I am of opinion that the agreement was valid and could be proved by parol.

There are authorities which hold that without any agreement accommodation indorsers are to be regarded as co-sureties and entitled to contribution. *Douglass* v. *McAllister*, 3 Cranch, 298; *Douglas* v. *Waddle*, 1 Ohio, 413. In *McDonald* v. *Magruder*, 3 Pet. 478, this doctrine was overruled; but Ch. J. MARSHALL, in delivering the opinion of the court, said: " Unquestionably these liabilities may be changed by contract." And in *Phillips* v. *Preston*, 8 How. (U. S.) 278, it was held that such an agreement was valid and could be established by parol. The same rule was declared in *Aiken* v. *Barkley*, 2 Speers, 747; and see 1 Pars. on Cont. 257. It was also decided that parol proof is admissible to establish such an agreement in *Edelen* v. *White*, 6 Bush (Ky.), 408, and in *Davis* v. *Morgan*, 64 N. C. 570.

I have not had time to look for other cases. It seems to me that it would require but very little evidence to change the liabilities of accommodation indorsers toward each other which are implied by their position on the back of the paper. The theory, of their liability to each other, implied by the position of their names on the paper, as first, second and third indorser, is, that the paper is supposed to be transferred by indorsement from one to the other for value; whereas, in accommodation indorsements, no such transfers are in fact made; not one of the indorsers ever having owned or transferred the paper for any purpose whatever. The most claimed in *McDonald* v. *Magruder*, 3 Pet. 470, was, that as no contract

or communication had taken place between the indorsers which might vary their legal liabilities, those liabilities therefore remained in force (p. 477). Cases are cited by the plaintiff's counsel which he insists decide that the liabilities of indorsers toward each other cannot be changed by parol evidence; but none of the cases cited are in actions between the indorsers where their relations to each other were in question.

In *Johnson* v. *McIntosh*, 31 Barb. 267, the offer was to show that there was a parol condition that the defendant was not to be liable at all, except in a certain contingency. In *Bank of Albion* v. *Smith*, 27 Barb. 489, the parol agreement excluded was, that the plaintiff need not make any demand of the maker of the note, as the defendant would pay it without any demand; and in *Hall* v. *Newcomb*, 7 Hill, 416, the question, as stated by the chancellor, was " whether a person who puts his name in blank upon the back of a negotiable note  *   *   *  in the usual mode, can be charged as a general surety  *   *   *  by parol evidence merely," no demand having been made so as to charge him as indorser. This was a question between the holder and indorser, not between the accommodation indorsers to determine their relations to each other.

As between the original parties to a note, the consideration may always be inquired into, and so it may be between indorser and indorsee. 1 Pars. on Cont. 256; and in *Barry* v. *Ransom*, 12 N. Y. 462, it was held that an agreement made between the parties prior or cotemporaneously to their executing a written obligation as sureties, by which one promises to indemnify the other from loss, is valid and may be established by parol evidence. They may arrange their eventual liability among themselves in a manner different from what the law would prescribe in the absence of any express agreement. (DENIO, J., p. 464.) That they are parties to negotiable paper does not render the evidence inadmissible. Thus the drawee may show, after acceptance, that he has no funds in his hands, and that he accepted the draft for the accommodation of the drawer. The presumption which the law attaches to the position of the parties may be rebutted by parol evidence. *Griffith* v. *Reed*, 21 Wend. 502; and see *Meyer* v. *Hibsher*, 47 N. Y. 265. I do not see that the notice of protest, which is necessary to charge the indorser, can change the rule. It is admitted that they cannot be made liable to the bank except as indorsers. The bank discounting accommodation paper, with several indorsers, charges whichever indorser it pleases.

It owes no obligation to the prior indorsers to charge them with notice. The theory of notice to each other is excluded by the agreement to stand together as co-sureties, and while this collateral agreement cannot in any way be invoked to change their liabilities to the bank, in my opinion it is valid as between themselves, and ought to be enforced.

But in my opinion the judge erred in restricting the recovery to one-fourth. In case of the insolvency of one or more sureties, the solvent surety who pays the whole debt can recover full contribution from the solvent sureties. This is the equitable principle upon which contribution is enforced among sureties. See 1 Story's Eq. Juris., § 496. I see no reason why it should not be applied in a court of law; there may be a difficulty growing out of the pleadings, but no question is made as to the form of action here which calls for an examination at this time. If necessary, the pleadings may be conformed to the facts, and the case disposed of on its merits. *Prima facie*, the defendant is liable to the plaintiff on the note as indorser. The answer states this liability in a modified form, and, upon the statement in the answer, the plaintiff is clearly entitled to recover. But, as the recovery was restricted to one-fourth, upon grounds which we think are untenable, the verdict should be set aside and a new trial granted, costs to abide the event.

*New trial granted.*