(16 Misc. Rep. 343.)

MOYNIHAN v. McKEON et al.

(Supreme Court, Appellate Term, First Department. March 23, 1896.)

1. NEGOTIABLE INSTRUMENTS—ACCOMMODATION INDORSER—RIGHT TO RECOVER FROM MAKER.

One who indorses a negotiable promissory note at the request and for the accommodation of the payee, and is compelled to take it up at maturity from a bona fide holder, may maintain an action upon it, against the accommodation maker, although he knew, when he indorsed it, that it was made without consideration, and for the accommodation of the payee; his payment of the note placing him in the same position towards the maker as if he had originally advanced the money to the payee for whose accommodation the note was made.

**2. SAME.**

The presumption is that one who indorses a note indorses on faith of the maker, but such presumption may be rebutted by showing that the note was made for his accommodation, as well as that of the payee.

**3. SAME—EVIDENCE.**

Defendant made his promissory note to the order of a third party to enable him to pay a bill for lumber then due. The creditor required the indorsement of the plaintiff who had guarantied the bill. Plaintiff indorsed and had to pay the note at maturity, receiving it from the holder. *Held*, that plaintiff's knowledge that the note was to be used to pay the bill he had guarantied, and that it had been made for that purpose, by defendant, without consideration, were circumstances to be considered in determining whether he indorsed on the faith of the maker, or whether he understood that the note was made for his accommodation as well as that of the payee; but the mere fact that he knew that the maker received no consideration would not affect his right to recover if he indorsed in reliance upon the maker.

(Syllabus by the Court.)

Appeal from city court of New York, general term.

Action by Daniel C. Moynihan against Matthew J. McKeon and John F. Smith. From a judgment of the general term of the city court of New York affirming a judgment on a verdict for defendant McKeon, plaintiff appeals. Reversed.

Appeal by the plaintiff from an affirmance by the city court of a judgment in favor of the defendant McKeon, entered upon the verdict of the jury, and an order denying a motion for a new trial. The action was upon a promissory note for $160, dated February 2, 1891, at three months, made by the. defendant McKeon to the order of the defendant Smith, and indorsed by plaintiff at the request of Smith, who then indorsed it and delivered it to one Russell, before maturity, for value. When it fell due, plaintiff paid it, and received it from Russell, and brings this action upon it against the maker and payee. The defense was that the note was made for the joint accommodation of Smith and the plaintiff, Smith being indebted to Russell upon a bill of lumber which plaintiff had guarantied, and the note being obtained by Smith to be used in part payment of that bill, with plaintiff's knowledge. There was no question but that the defendant McKeon made the note for the accommodation of Smith, but there was a conflict of testimony between them as to whether Smith told McKeon that plaintiff had guarantied the bill of lumber; Smith swearing that he did not tell him, and McKeon testifying that Smith stated that he had bought a load of lumber from Russell, the payment of which plaintiff had guarantied, that payment was coming due, and that plaintiff was short of money, and wanted Smith to give a note to him which they could indorse and present to Russell, and get three months' more time, and further testifying that the guaranty of plaintiff was the inducement to him (McKeon) to make the note. Plaintiff testified that Smith brought the note to him, and said that the defendant McKeon owed him money, and had given the note, as he was not able to give money; that Smith asked plaintiff to indorse it, and promised to pay it when it became due. Smith testified that he asked plaintiff to indorse it, telling him that it was to be paid on account of the lumber bill; that Russell would give an extension of time if plaintiff would indorse it; that he and defendant would square it; and that he might have told plaintiff, only to get credit from him, that defendant McKeon was indebted to him. Russell testified that he delivered the lumber on the plaintiff's guaranty, and extended the payment of the note on the financial responsibility of the plaintiff, and that the note and the cash discharged the guaranty and bill.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Tierney & Halsey, for appellant.

David B. Simpson and Samuel E. Duffey, for respondents.

DALY, P. J. This is an action by an alleged accommodation indorser of a negotiable promissory note against the accommodation maker. The defendant McKeon made the note to the order of the defendant Smith to enable him to pay a bill of lumber then due. The creditor required the indorsement of the plaintiff, who had guarantied the bill. Plaintiff indorsed and had to pay the note when it fell due, receiving it from the holder, and now claims that he succeeds to all the rights of the holder against the maker. The latter claims that he made the note for the accommodation, not only of the payee, but of the plaintiff as well, who was liable with the payee for the debt which the note was given to extinguish or to extend.

It is the established rule that the parties to ordinary commercial paper, negotiated for value in the regular course of business, are liable to each other, in succession, as their names appear upon the instrument. The same rule applies, in the absence of special agreement, to successive accommodation parties; and a subsequent accommodation indorser who has been compelled to meet the obligation may maintain an action upon the instrument against any prior accommodation party, and recover the whole amount paid, although he knew that the latter's signature was given for accommodation merely. The reason for the rule is that each indorser is presumed to have indorsed upon the faith of all prior signatures. 1 Am. & Eng. Enc. Law (2d Ed.) 356, 357. As was said by Marshall, C. J., in McDonald v. Magruder, 3 Pet. 470, which was an action upon a promissory note between accommodation indorsers, the second indorser, who had taken up the note, suing the first:

"The second indorser gives his name on the faith of the first indorser as well as of the maker. The first indorser gives his name on the faith of the maker."

If the second indorser in such a case pays the note at maturity in the hands of a bona fide holder, he stands in the same position towards the first indorser as if he had originally given full consideration for it to the person for whose accommodation the first indorser lent his name. The principle expressed in that case must determine the present one. If the jury were to find, as a fact, that the plaintiff indorsed the note upon the faith of the maker's signature, plaintiff would be entitled to recover. If, on the other hand, plaintiff knew that the note was intended to be used to pay or extend the debt which he had guarantied and that the note was made for that purpose, the fact is sufficient to warrant an inference that plaintiff indorsed and delivered it with the understanding that it was made for his accommodation as well as that of the payee. If the jury inferred this to be the case from the evidence, plaintiff could not enforce the note against the defendant.

The position of the parties upon the paper raises the presumption that the second indorser put his name upon the note upon the faith of the signature of the payee and the maker; but this presumption may be rebutted by circumstances showing that he did not do so. In this case the chief circumstances relied upon are that the plaintiff was

liable upon his guaranty of the payee's debt to Russell and that he must have understood that McKeon, in making this note, accommodated him as much as the payee.    But, unless it can be inferred that the plaintiff so understood at the time of his indorsement, it might be reasonably inferred that he indorsed it on the faith of the maker, and in the expectation that the maker would be liable to him if he had to protect it.    Upon the evidence, the question for the jury was whether the plaintiff indorsed the note upon the faith of the maker, or whether he understood that the note was made for his accommodation as well as that of the payee.    If the evidence warranted the inference that the plaintiff indorsed in reliance upon the maker, then he could have recourse against the latter, although he knew, when he indorsed, that the note had been made for the accommodation of the payee.

The case was left to the jury, and they found for the defendant; but it was submitted to them upon conflicting theories, and certain instructions which were erroneous.    They were charged that plaintiff was entitled to recover if he knew that the defendant made the note without consideration.    Such knowledge of plaintiff would not be conclusive, but was one circumstance to be considered in determining whether he indorsed on the faith of the maker.    On the other hand, the court charged, at plaintiff's request, that, if the note was used to pay a debt for which the plaintiff was liable, it constitutes no defense, unless it was obtained for that purpose on an agreement with the plaintiff to hold the defendant harmless.    This was error, as it was not necessary for defendant to prove that he made the note upon any such agreement.    The question is whether, when plaintiff indorsed it, he understood that it was made for his accommodation as well as that of the payee.

Judgment must be reversed, and new trial ordered, with costs to, abide the event.    All concur.