WILLIAM S. FLINT *v.* IRA DAY.

Caledonia,
March,
1837.

Where a person, not a party to a note, signs his name on the back, without any words to express the nature of his undertaking, he is considered as a *joint promisor* with the other signers, and if any of the other signers are merely sureties, he is considered as a *co-surety* with them.

This was an action of assumpsit for money paid, laid out and expended. Plea, the general issue. The plaintiff proved that he, together with one other, signed a promissory note for $200, payable to the Bank of Montpelier, as sureties for George W. Paige, who also signed the note. Paige gave the note to defendant, he being one of the directors of the Bank, with a request to him to get it discounted at the Bank, but with no request to sign it, as surety.

The Bank declined discounting it, without some further assurance that the note was good. The defendant, to induce the Bank to discount the note, wrote his name upon the back of the note, saying, at the same time, he knew Flint to be good, and was not afraid to " back" the note. The note was thereupon discounted, it being dated some days previously. The money was paid to defendant, and by him paid to Paige, the principal in the note. It was also proved that plaintiff had been compelled to pay the whole amount of the note, and costs of suit. The county court directed a verdict for plaintiff for one third the amount of debt and costs, which he had been compelled to pay, subject to the opinion of the Supreme court upon the foregoing case; such judgment to be here entered, as the county court should have rendered.

*L. B. Peck, for defendant.*

I. The defendant's liability is that of a guarantor. He could not, as between himself and the Bank, be considered as a joint promisor. The character of the undertaking depends entirely upon the intention and understanding of the parties at the time. Here, the language used by the defendant, at the time he indorsed the note, that " he knew the plaintiff to be good, and was not afraid to back it," plainly shows that he only intended to make himself liable in case the maker made default. The undertaking of the defendant, probably, amounted to an absolute guaranty, falling within the principle of the decisions in New York. The doctrine of the Massachusetts cases has not been recognised here. Should this court be inclined to follow the decisions in the latter State, the present case may be clearly distin-

guished from them, for here it is apparent, that the defendant did not mean to bind himself as an original promisor, while, in the former cases, there was nothing to limit or qualify the indorsement.

II. It is not material to the defence, whether the court adopt the New York or Massachusetts rule. In every instance, in the latter State, where the indorser has been held as maker, the question arose in a suit between him and the payee; here it arises between the maker and indorser, which presents a different inquiry, that is not at all affected by those decisions. The relation of the plaintiff and defendant to the Bank may have been that of joint promisors, while, between themselves, the defendant may have been a mere *surety* for the plaintiff; and such is the true situation of these parties. The defendant's name was put upon the note without the request or knowledge of either of the signers, and for the purpose of inducing the Bank to discount it for their benefit; and it does not even appear that he knew whether the plaintiff was *principal* or *surety*. There can be no doubt, however, from what took place when the note was discounted, that the defendant indorsed it on the responsibility of the plaintiff, and with the belief that he was able to, and would pay it. The result is, then, that the defendant was *surety* for the plaintiff, and that the latter cannot call on the former for contribution. This view of the case is fully supported by the opinion of *Lord Eldon*, in *Craythorne* v. *Swinburne*, 14 Ves. 159, and by *M'Donald* v. *Magruder*, 3 Peters' Rep. 470.

*B. N.* Davis, *for plaintiff.*

1. It is well settled, in this State, that the defendant, by his indorsement of the note, made himself a joint promisor. *Knapp* v. *Parker*, 6 Vt. Rep. 642. And in Massachusetts. *Hunt* v. *Adams*, 5 Mass. Rep. 358. *White* v. *Howland*, 9 do. 314; *Moies* v. *Bird*, 11 id. 436. And in New York. 13 Johns. Rep. 175. 14 do. 349.

2. If defendant is holden to be an original promisor, it follows that he is to be treated as a co-surety, with the plaintiff and the other signer, for Paige; for plaintiff did not request him to indorse the note,—and although there is no evidence that Paige requested him to sign, yet he made defendant his agent to get the note discounted, and it is to be presumed that defendant's doings were in pursuance of the agency, and by receiving the money after defendant's indorsement and the discounting of the note, Paige adopted the acts of his agent.

Defendant's saying he knew Flint to be good cannot alter the nature of the contract between himself and Paige, as defendant might be willing to incur the risk of becoming responsible for Paige, if he knew his co-sureties were good.

3. Defendant is liable to the contribution assessed by the jury under the direction of the court. 2 Starkie's Ev. 105. 11 Mass. Rep. 359. 17 id. 464. *Lapham* v. *Burns, et al.* 2 Vt. Rep. 213.

The opinion of the court was delivered by

Williams, Ch. J.—If Day, the defendant, is to be considered as a co-surety with the plaintiff for Paige, then the judgment of the court below is to be affirmed. On the contrary, if he is to be considered as only guarantying to the bank the note signed by Paige, Flint and another, there is no foundation for this action. By the decisions of this State, it has been considered, that if a person, not a party to a note, signs his name on the back, he is treated, *prima facie*, as a joint promisor, unless there is evidence to control this *prima facie* inference. In the case of *Barrows* v. *Lane & Benham*, 5 Vt. Rep. 161, the court intimated that this was probably the better doctrine. In the case of *Knapp* v. *Parker*, 6 Vt. 642, the declaration was on a note, signed by the defendant on the back, and after it became due. The decision of that case governs the question now before us, and must be considered as a decision adopting the doctrine upon the subject, which has been adopted in the State of Massachusetts, rather than the one which prevails in New York. In this view, the case presented is the common one, of a person executing a note for the purpose of obtaining a discount at a bank, and obtaining signatures from time to time. In such a case, each subsequent signer may have had regard to the previous signatures, but all the signers are to be treated as sureties between themselves. From the case itself, it is sufficiently apparent that Paige was the principal, and that he was so known and recognized by the defendant. It is, however, not very material whether he so considered it or not. From the manner in which he signed the note, he became a joint principal to the bank, and must stand in the relation of a co-surety with the plaintiff, who did not request him either to be a guarantor or co-surety.

Having this view of the nature of the undertaking of the defendant, the case comes within the principle decided in the case of *Lapham* v. *Barns & Hitt*, 2 Vt. Rep. 213, which was

much examined and considered by the court.   Indeed, this case cannot be distinguished from that, except  from  the declaration made by the defendant, at the time the note was discounted, and this  cannot vary it,  as it was  not  a declaration made either to Paige or to the present  plaintiff, and  cannot control the obligation which he assumed.

If the defendant had  executed  a collateral  guaranty  to the bank, instead of obligating himself in the manner he did, he case would have come within the  principle decided in  *Craythorne* v. *Swinburne*, 14 Vesey, 159.  Such, hewever, was not his undertaking.   The case of *M'Donald* v. *Magruder*, 3 Peters, 470, is not similar to the present.  Indorsers are not co-sureties, but their undertaking is separate and successive.   The  result is  that the judgment of  the county court be affirmed.