McComb, Simpson & Co. Appellants, *vs.* Geo. W. Thompson, Respondent.

In an action by the payee against a party who has written his name on the back of a note, parol evidence is admissible, to show that it was placed there before the delivery of the payee, and also to show the intention of the parties, at the time his name was so written on the note, concerning the character he sustained to the note.

If it appears from the evidence that his name was so placed on the note to give it credit with the payee, and the payee was influenced in receiving it, and parted with his money or property in consequence of such name, the party so signing may be held as an original maker of the note.

If there is anything to be found in the writing itself that indicates what the particular relation is that the party intends to assume to the note, then parol evidence is not admissible to vary such relation, but the party must be tried upon his written contract.

A first endorser cannot recover against those below him, but must rely upon the maker and his guarantors.

This is an Appeal from a judgment of the District Court of Ramsey County, upon a demurrer of an Answer.

The issues raised in this Court will appear at length in the Opinion of the Court.

The following are the points and authorities of counsel for Appellants:

The Court below erred in sustaining the Plaintiff's demurrer to the Defendant's answer, in that

*First.* The facts stated in said Defendant's answer, constitute a good and valid defence to the action. *See the answer, folios* 24 *to* 31.

*Second.* The Plaintiff could not recover on the original contract for the sale of the cattle, as it is admitted by the demurrer that he received the promissory note of George A. Wells in payment thereof, and receipted to the Defendant in full for the amount of said purchase. *See Answer, folio* 27.

*Third.* That the Defendants are only chargeable, if at all, on their endorsement of the promissory note of Wells payable to the order of the Plaintiff, made in blank, after the delivery of the note by Wells to the Plaintiff. 6 *Barb.* 282; 2 *Hill* 80; 3 *Hill* 233; 7 *Hill* 416.

*Fourth.* That the relation which the Defendants bear to the note and to the Plaintiff, is that of *second endorsers;* and while the note remains in the hands of the payee, no liability is incurred by the Defendants as such endorsers, the actual subsisting relation being one unknown to the mercantile law. *Seaburry vs. Hungerford,* 2 *Hill,* 80; *Ellis vs. Brown,* 6 *Barb.,* 282; *Opinion of Senator Bokee in* 7 *Hill,* 416; *Story on Prom. Notes, Sec.* 135.

*Fifth.* The contract of the Defendants, implied from the blank endorsement of the note in the hands of the payee, was that of endorsers; and another and different one would be in conflict with mercantile usage, and therefore will not be implied; nor is parol evidence admissable to vary the subsisting one. *Hall vs. Newcomb,* 7 *Hill,* 416; 3 *do.* 233, *Same vs. Same;* 2 *Hill,* 80; 1 *Comst.,* 322; *Spies vs. Gilmore; Ellis vs. Brown,* 6 *Barb.,* 282; *Herrick vs. Carman,* 12 *John.,* 159; *same vs. same,* 10 *John.,* 224; (*Webb vs. Rice,* 6 *Hill,* 219;) (*Stevens vs. Cooper,* 1 *John. Ch.,* 429;) *Story on Prom. Notes, sec.* 135; *do. on Bills, sec.* 215.

*Sixth.* A first endorser cannot maintain an action against his second endorser, and the parties to this action being unable to occupy any other relation towards each other, the Plaintiff

cannot recover. *Ellis vs. Brown*, 6 *Barb.*, 282; 7 *Hill*, 416, *and cases above cited*.

*Seventh.* If this is not a contract of endorsement, but that of sureties or guarantors, it must be regarded as an undertaking to answer for the debt or default of Wells a third party; and being unaccompanied by any note or memorandum in writing, expressing the consideration, is void. *Rev. Stat., p.* 268, sec. 2 *and sub.* 2, *Hall vs. Farmer*, 5 *Denio*, 484, *and cases there cited; Bennett vs. Pratt*, 4 *Denio*, 275; *Hall vs. Farmer*, 2 *Comst.* 553; *Brewster vs. Silence*, 4 *Selden*, 207.

*Eighth.* The argument on the part of the Plaintiff, granting an extension of time to the maker of the note, without the knowledge or consent of the Defendants, was supported by sufficient consideration to release the Defendants. *Chitty on Bills*, 408, *and cases cited; Bank U. S. vs. Hatch*, 6 *Pet.* 258; *Story on Prom Notes, sec.* 413, 186, 185; *Story on Bills, sec.* 425, 426; *Russell vs. Cook*, 3 *Hill*, 405, *and cases there cited.*

*Ninth.* The agreement to pay the five per cent per month, without delay or trouble, the question of liability for an increased per centage after maturity being a mooted one, was a sufficient consideration to uphold and sustain the agreement. *Story on Prom. Notes*, 184, 185, 186; *Russell vs. Cook*, 3 *Hill*, 504, *and cases there cited.*

*Tenth.* There are questions of fact which preclude a recovery, if the party is determined to be held in any other relation than as maker and the judgment is erroneous.

The following are the points and authorities relied on by the Counsel for the Respondent.

*First.* The answer to the amended Complaint admits the sale of the cattle to the Defendants, and that they, on the day of the sale, and in consideration thereof, endorsed and delivered to the Plaintiff the promissory note mentioned in the amended complaint and that they so endorsed the said note for the *express purpose of securing to the plaintiff* the payment thereof.

The Defendants thereby became, in legal effect, original makers of the note, and their liability thereon was and is coextensive in all respects with that of Wells, and the same as if their names had been signed at the bottom of the note as

joint makers with Wells. *Pierse vs. Irvine, Stone & McCormick,* 1 *Minn. R.* 369; *Marshall vs. Simpson do. do.* 308; *Winslow vs. Boyden & Willard, do. do.* 383, and *cases* cited in those above mentioned. (The *cases* referred to are principally in opinions of Judge Sherburne on *p.* 375 *of Minn. R.*)

*Second.* The Defendants being liable in the character of original makers of the note, no demand, or notice of non-payment is necessary, to charge them. But even if demand and notice were necessary, it is distinctly averred in the amended complaint, and the denial thereof in the answer is insufficient: it does not reach the substance of the averment, but only the manner and form, nor is it in the form prescribed by the Statute. *Rev. Stat. p.* 337, *Sec.* 66; *Edwards vs. Lent,* 8 *How. Pr. R.* 28; *Hackett vs. Richards,* 11 *N. Y. Leg. Obs.* 315; *Ketchum vs. Zerega,* 1 *E. D. Smith's R.* 554; *Wood vs Stantial's,* 3 *Code Rep.* 152; *Hopkins vs. Everett,* 6 *How. Pr. R.* 159.

*Third.* The agreement to extend the time of payment of the note as alleged in the answer was a void agreement, because;

1. No consideration for such extension is alleged, except that expressed in the note.

2. That consideration was as much the promise of the Defendants as of Wells.

3. The agreement so to extend not being founded upon any other consideration than that expressed in the note must be regarded as gratuitous.

4. Such agreement is not alleged to have been in writing, and it was cotemporaneous with the making of the note; it therefore cannot be admitted to vary in any respect the terms of the note. *Byle on Bills, pp.* 188, 192, 193, & 194, *and cases therein cited. Bank of Hallowell vs. Baker,* 1 *Minn. R.* 261, *and cases therein cited.*

*Fourth.* Such agreement even if valid, the Defendants being liable as original makers of the note, does not relieve the Defendants.

D. COOPER, Counsel for appellants.

BRISBIN & BIGELOW, Counsel for Respondents.

*By the Court*—C. E. FLANDRAU, J.   The following facts are admitted by the pleadings.   That on the 25th day of August, 1856,  the Defendants McComb, Simpson & Co, now the Appellants, were partners in trade at Stillwater in the then Territory of Minnesota.  That on said 25th day of August 1856, the Plaintiff Thompson sold and delivered to the Defendants cattle to the value of seven hundred dollars.   That in consideration of the said sale of cattle, the Defendants procured one George A. Wells to make his promissory note for seven hundred dollars, *payable to the order of the Plaintiff*, in three months from date, with interest at ten per cent per annum, and five per cent per month after maturity until paid, and before delivering the same to the Plaintiff, the Defendants endorsed the note by writing their Copartnership name upon the back of it.   That the Defendants so .endorsed the note .for the express purpose of securing the payment thereof, and the purchase price of said cattle, and that the note was received for the purpose by the Plaintiff.   That the Defendants were duly notified of the demand and refusal of payment, which facts are alleged.

The answer of the Defendant seeks to put in issue some of the facts stated above to be admitted, but leaves the case substantially as stated in the complaint.

A demurrer to the answer was sustained by the Court below, and from the judgment on demurrer an appeal is taken to this Court.   The question then is, does the complaint disclose a cause of action against the Defendant?

The relation in which the parties stand to each other on the face of the note, unexplained and unaided by extrinsic facts, is that of the payee of a note seeking to charge and recover against his second endorser; regarding the parties in the light of endorsers of commercial paper, and determining their rights and liabilities by the rules applicable to that branch.   I have no hesitation in saying that the Plaintiff could not recover, the rule of liability being exactly the reverse, each subsequent endorser being entitled to recover against all that precede him on the note.   If therefore the Plaintiff can sustain his action, it cannot be against the Defendant as an endorser of the note.

I am equally clear that the Defendant cannot be held responsible as a guarantor of the note. To sustain that relation there must be a principal and existing debt by one party, which debt the guarantor, by a distinct agreement, for a valuable consideration, *which must be expressed in his contract*, agrees shall be paid by the principal debtor. The undertaking of the Defendant in this instance lacks the essential feature of a contract of guaranty, in not expressing any consideration. If, then, the Defendant can be held responsible to the Plaintiff at all, it must be in virtue of facts which do not appear on the note itself.

The question, so far from being new, has, more than any other, engaged the attention of the Courts, in almost all the States, for many years, and has received as many different solutions as its anomalous character has been differently accepted and treated by peculiar minds; but, through all the mass of judicial decisions involving the question, one characteristic feature prevails—a desire to impose a responsibility upon the party who places his name upon commercial paper.

As between the original parties to a contract, it is certainly the duty of courts to carry out their intention, whenever that intention can be arrived at; and the prevailing view in connection with notes endorsed in the manner of the one in question, is, that the party putting his name on the back of the instrument had some intention of creating a liability against himself; for what purpose, and in favor of whom, not appearing fully, but being left in doubt by the paper itself, the courts have allowed the true intention to be reached by averment and evidence.

The Counsel for the Plaintiff in Error relied on the argument on the more recent New York cases, which hold that no parol evidence will be admitted to change the relation which parties to a note or bill bear to each other on the face of the instrument, and exhorted the Court, at its outset, to beware of the difficulties in which the New York courts find themselves involved, compelling them to overthrow the decisions of generations; which have, he contends, been made to meet the particular cases involved, and not upon the general principles which should control any particular branch of the law. An

examination of the New York cases on the subject under consideration in this action, cannot fail to impress upon the reader the danger of any departure from settled principles and precedents in the administration of law.

In 1848, we find the following language held in 1 *Comstock*, 324: "There are few cases in the books which hold in effect that a written contract of one kind may be turned into a contract of a different kind by parol proof, concerning the intention of the parties; the endorser of a promissory note may, under certain circumstances, be charged as maker, or guarantor, and the guarantor of a promissory note may be sometimes charged as maker or endorser, although these cases stand upon no principle, it has been a work of some time and difficulty to get rid of them." In this summary manner does the Court in that State wipe out the weight of authority in its own State, and those of a large majority of the States of the Union. The highest respect is due to the decisions of the Courts of New York, from the distinguished character of her jurists, and we shall always differ from them with reluctance and hesitation, but with much more confidence in this instance, as we are supported by the authorities of all the other States we have had access to, including nineteen in all, cited on the argument of this case, and that of *Marienthal et. al. vs. White and Taylor*, argued at this term, and by the additional fact that that State is still divided in its own Courts on the question. 23 *Barb.*, 534. There exists this further reason for allowing the Plaintiff to recover in this action against the Defendant, as a maker of the note, that this Court has already held such to be the law in three different cases, 1 *Min Rep.* 369, 380, 383, where the views of the Court are given by Mr. Justice Sherburne in a well considered opinion, and a full review of the authorities, in which he scrutinizes the later decisions of the New York Courts, and sensibly weakens their force as authority. We think the following rules may be regarded as fully established and received as law :

That in an action by the payee against a party who has written his name on the back of a note, parol evidence is admissible to show that it was placed there before the delivery to the payee, and also to show the intention of the parties at

the time his name was so written on the note, concerning the character he sustains to the note.

That if it appears from the evidence that his name was so placed on the note to give it credit with the payee, and the payee was influenced in receiving it, and parted with his money or property in consequence of such name, the party so signing may be held as an original maker of the note.

That if there is anything to be found in the writing itself that indicates what the particular relation is that the party intends to assume to the note, then parol evidence is not admissable to vary such relation, but the party must be tried upon his written contract.

These views are founded in, and sustained by, reason and principle. The mere fact of the name being on the back of the note, where an endorsement is usually made, is not as absolute in indicating its character as if it had written over it a contract of endorsement; and is capable of an explanation, as between all parties, before the note leaves the hands of the payee. Of course, this should not obtain in the hands of a *bona fide holder:* but while in the hands of the payee, the presumption is equally balanced, at least, as to whether it was signed before or after delivery; and as the consequences may depend essentially upon that fact to the payee, it would be illogical to recognize any rule which would deny him the right to show it. The fact once appearing that the name was written before delivery, it cannot be inferred that the party intended to become an endorser to the payee, as the note when presented for his signature before delivery clearly informs him that it is for the benefit of the payee that the note is made, and that he cannot become the first endorser, but must be second to the payee, and consequently of no service to him in that capacity. As has been shown, a first endorser cannot recover against those below him, but must rely upon the maker and his guarantors. He cannot be presumed to have intended to become a guarantor, as his engagement bears no resemblance to that contract. It would be doing equal violence to the intention of the parties to presume that they meant nothing by their contract; and it is to enable the Court to avoid this obscurity, where everything leads the mind to the conclusion that a lia-

bility was designed to be incurred, that parol evidence is admitted—not to change the contract of the parties, nor to make a new one for them, as is termed in the New York cases, but to determine what the contract of the parties really was, and to award judgment according to the truth, as they originally had intended.

The Court below was right in sustaining the demurrer to the Defendant's answer, as it admits the material facts in the complaint, which bring the Defendant within the rule above laid down, and show that he placed his name on the note with the intention of assuming the liability of an original maker.

The judgment is affirmed.