PECKHAM & SPENCER, Plaintiffs in Error, *vs.* M. D. GILMAN & Co., Defendants in Error.

ERROR TO THE DISTRICT COURT OF SCOTT COUNTY.

A party indorsing a negotiable note before it is delivered to the payee, and for the purpose of inducing the payee to accept the same for an indebtedness, becomes liable to the payee as a joint maker, and is not entitled to demand and notice, as an indorser. Nor can he be permitted to show that by a verbal agreement he was to be held only as an indorser, and to receive notice of demand and non-payment.

The above named Plaintiffs show to the Court that they are partners in business under the firm name and style of M. D. Gilman & Co.; that the said Defendant P. Peckham being indebted to said Plaintiffs, did on the ninth day of May, A. D. 1859, at St. Paul in said county, execute his promissory note in writing bearing date of that day, whereby for value received he promised to pay on or before the 1st day of August, A. D. 1859, to the order of said Plaintiffs by their said firm name of M. D. Gilman & Co., the sum of two hundred fourteen and 82-100 dollars, with interest at the rate of three per cent. per month until paid; that thereupon at the same time, for the purpose of giving credit to the said note, and to induce the Plaintiffs to take the same, and before the delivery of the same to the Plaintiffs, the said Defendant Spier Spencer endorsed his name in writing upon the back of said note; that thereupon said note being so made and endorsed, the said Defendant, P. Peckham, for value received, then and there delivered the same to the said Plaintiffs. And the Plaintiffs allege that they are now the owners and holders of said note, &c.

The above named Defendant, Spier Spencer, for answer to the complaint of the Plaintiff in the above entitled action, respectfully states and shows to the Court that he signed, endorsed and wrote his name upon the back of the note mentioned and described in said complaint with the intent and

full understanding on his part and on the part of each and all of the parties thereto, that he, the said Defendant, should be held, charged and considered only as an endorser thereto, and not as a maker thereof, and the said Defendant should and would be entitled to notice of non-payment thereof by the said P. Peckham, and the Defendant aforesaid further says that he has not at any time received any notice of protest or of non payment of said note, and therefore demands judgment, &c.

Plaintiffs demurred to the answer, and the demurrer was sustained.

Points and Authorities of Plaintiffs in Error.

I.—The facts stated in the answer of the Defendant, Spencer, are an effectual denial of those facts alleged in the complaint, which go to show that the Defendant, Spencer, was a maker of the note; *Bond vs. Corbett*, 2 *Minn. Rep., p.* 255.

II.—The Defendant, Spencer, had the right to show, by his pleadings, or by evidence, (had the Plaintiffs interposed a reply,) what was the character of the transaction and what was the relation which he assumed toward the note. *McCombs, Simpson & Co. vs. Thompson*, 2 *Minn. Rep.*, 139; *Marienthal, Lehman & Co. vs. Taylor et al.*, 2 *Minn. Rep.*, 147.

L. M. BROWN, Counsel for Plaintiffs in Error.

SMITH & GILMAN, Counsel for Defendants in Error.

*By the Court*—EMMETT, C. J.—This Court, in *McComb, Simpson & Co. vs. Thompson*, 2 *Minn.*, 139, and in *Marienthal, Lehman & Co. vs. Taylor & White*, *id.*, 147, held, that a party who writes his name upon the back of a negotiable promissory note, before its delivery to the payee, and for the purpose of giving it credit with him, becomes thereby a joint maker, and that parol evidence may be given to prove these facts. The same doctrine was also held by the Supreme Court of the Territory, in *Pierse vs. Irvine et al.*, 1 *Minn.*, 369; *Rey*

*et al.* vs. *Simpson, id.,* 380 ; *and Winslow* vs. *Boyden & Wil-liard, id.,* 383.

The application of the doctrine of these cases to the one at bar, would seem to determine it at once in favor of the Plaintiff below ; for we are unable to distinguish between the facts of this, and the cases alluded to. The Defendant below claims, however, that there is a distinction in this : that in the present case the parties had verbally stipulated that the Defendant should be held as an indorser only; and that the fair inference from the other decisions is, that the intention of the parties should be carried out ; and that a party signing a note under such circumstances, though for some purposes regarded as a joint maker, is nevertheless entitled to demand and notice as an indorser.

We are by no means certain that such inferences may not reasonably be drawn from these cases, but are quite sure that this Court did not intend so to decide. The positive authority, however, of no decision, extends beyond the facts on which it is based ; and we may readily decline to follow to conclusions which the language employed in these decisions may seem to lead, if the questions were not in issue in those cases. In the cases cited from 1 *Minn.,* the Court, it is true, intimate that a person thus indorsing a note before delivery, and to give it credit with the payee, though held as a joint maker, might yet be entitled to the same demand and notice as commercial indorsers ; but it is to be remarked that no question of this kind was in issue in either of those cases, demand and notice being expressly admitted in each and the Court in fact declined to pass upon the question after it had been suggested. And the cases in 2 *Minn.,* decided by this Court, as at present constituted, go only to the extent of holding that, as between parties cognizant of all the circumstances, it might be proved by parol, that a party, whose name appeared upon the back of a negotiable note, where the names of indorsers only usually are found, was in fact a joint maker, who had signed his name in this place, before the delivery to the payee, either through ignorance of the proper place for his signature, or for the purpose of evidencing the relation which he held to the other joint maker. But this ought not to be

regarded as contradicting the written contract of the party by parol evidence, but rather as permitting it to be shown by parol, that the party had not in fact signed, or had by mistake signed the contract of indorsement to which his name was affixed.

Suppose that the holder of negotiable paper, while intending only to transfer the same by indorsement, in accordance with a contract for indorsement, should, through ignorance or mistake, place his name under that of the maker, instead of across the back of the instrument,—is it to be supposed, in an action by such an indorsee against his immediate indorser, to recover against him as a joint maker, that the latter would not be permitted to show the facts and circumstances attending the transaction, and that his signature was affixed to the instrument long after its execution and delivery to the payee? We have little doubt that the party in such a case would be allowed to make proof of these facts, because they would simply show that he had never in fact made the contract to which his signature is appended.

But such a case, and each of the several cases before cited, would differ altogether from one in which the parties have deliberately reduced their contract to writing, in terms of their own selection or adoption, and an attempt is afterwards made to contradict those terms, by showing that the parties meant something other than the terms import, or intended that they should have an effect different from that which the law attaches to them. In such a case the parties would not be allowed to contradict the writing. The terms of the contract, and the facts and circumstances attending it, determine its legal character and effect, whatsoever the parties may have considered it; and if the facts and circumstances attending the signing of the Defendant Spencer's name to the note upon which this action is brought, stamp his contract or promise as the contract or promise of a joint maker, all the consequences incident to that relation would necessarily follow, at least so far as the payees are concerned, whether his name appears on the back of the note, or in the same place with the other joint maker. And if he had signed his name with the other maker before delivery, no Court would have

been likely to entertain a proposition to contradict the wri-
ting by showing a cotemporaneous oral agreement, by which
his liability was to be restricted to that of an ordinary en-
dorser.

Judgment affirmed.