<hr />

## ELIAS H. ROBINSON

### *v.*

## WILLIAM H. BARTLETT AND AMOS C. KIMBALL.

A party who signs his name upon the back of a promissory note before delivery, for the purpose of giving credit to the maker, and for his accommodation, is a joint maker, and is not entitled to demand and notice.

An "extract from the evidence and proceedings before the referee as reported to the court," in the absence of a stipulation by the parties, no case having been settled, was improperly embraced in the return to the appeal, and must be stricken therefrom.

Action brought in the District Court for Hennepin county, upon a promissory note. The pleadings are the complaint,

and answer of the defendant, Kimball, and are sufficiently stated in the opinion of the court. The return on which this cause was presented to this court, (exclusive of the pleadings) is as follows : "Extracts from the evidence and proceedings, before the referee, as reported to the court, and made part of the record of the case.

"Question on the part of the defense, to A. C. Kimball, witness. What were the circumstances under which you endorsed your name upon the note ? Objected to by plaintiff, and motion made for judgment on the pleadings. Decided by referee that defendant, Kimball, was an original maker, and all parol evidence changing his liability as such, excluded by the referee, and defendant excepted.

"Facts found by referee :

"That the above named defendant, Wm. H. Bartlett, on the 16th day of February, 1857, made his promissory note in writing, in the words and figures following :

'$400.                    PORTLAND, Feb. 16th, 1857.

'Ninety days from date, I promise to pay to the order of E. M. Robinson, four hundred dollars, value received, with twelve per cent. interest per year.

'WILLIAM H. BARTLETT.'

"That at the time of the making of said note, and before the same was delivered to E. H. Robinson, the plaintiff, Amos C. Kimball, the defendant above named, in order to secure said note, and to give the same credit, and to induce the plaintiff to receive the same, signed his name across the back of said note in the manner following : 'A. C. Kimball.' That said note was delivered to said plaintiff, and that no part of the same has ever been paid to plaintiff by either defendant. That plaintiff is now the lawful owner and holder of the same.

"Conclusions of law by referee :

"1. That Amos C. Kimball is an original maker of the note at issue. Judgment found in favor of plaintiff, against

both defendants for $636 24-100, with disbursements, August 19th, 1865. At general term of District Court, as above, October 14, 1865, finding reported, and on motion of plaintiff's counsel it was adjudged that plaintiff recover of and from defendants, and each of them, the sum of $636 24-100, with interest since the finding, and $15 00 costs."

From this judgment, defendant, Kimball, appeals to this court.

WILSON & McNAIR, for appellant.

Referee erred in excluding the testimony of defendant Kimball, as to the capacity in which he endorsed his name.   Story on Prom. Notes, 479 ; 4 Pick. 311 ; 12 Iowa, 433.

That from the referee's finding of facts, Kimball only signed as endorser, and was released by the failure to protest.   2 Hill, 80 ; 3 Hill, 233 ; 7 Hill, 416 ; 1 Coms. 321 ; 6 Barb. 282 ; Story on Prom. Notes, 134.

The Minnesota cases, which differ from these, are in opposition to the present generally received doctrine upon the subject, and should be reversed, their reasoning as to the difficulty of holding a party as second endorser liable to the payee, being fallacious, as shown in 7 Hill, 416.

F. R. E. CORNELL, for respondent.

I.   The court should disregard or strike from the return the minutes of evidence, inasmuch as no case was ever made, proposed or settled.   *Bazille v. Ullman,* 2 Minn. 124 ; *Claflin et al. v. Lawler et al.,* 1 Minn. 297 ; *Mower et al. v. Hanford et al.* 6 Minn. 542.

II.   In the absence of a case showing the rulings on the trial, with the exceptions thereto, and the evidence relating to the same, this court, on an appeal from a judgment entered upon a report of referee, can only consider whether the facts

found sustain the conclusions of law, and such other facts or errors as are apparent upon the record proper. *Irvine v. Meyer & Co.*, 6 Minn. 558, and cases cited under 1st point.

III. The point sought to be readjudicated by the appellant in this case, has been fully considered and repeatedly determined by this court, and affecting as it does the obligations of parties to commercial paper, must be regarded as permanently settled, unless changed by legislative authority, or unless the court is prepared wholly to ignore the doctrine of *stare decisis.*

*By the Court*—McMILLAN, J.—The complaint, after alleging the making of a certain promissory note by Bartlett, to plaintiff, alleges that at the time of making said note, and before the same was delivered, the defendant Kimball, in order to secure the note and give the same credit, and to induce the plaintiff to receive the same, for a valuable consideration did sign his name across the back of said note, and the plaintiff relying solely upon said defendant's name, received and accepted the note, and parted with the consideration money therein named; that after the execution of the note as aforesaid, by defendant, it was delivered to plaintiff, who is now the owner and holder of it, &c.

The answer of defendant Kimball admits that he signed his name on the back of a certain promissory note mentioned and described in the complaint, but denies that he endorsed the said note for a valuable consideration; on the contrary, alleges that he endorsed his name on the back of said note only as an accommodation endorser, and that no consideration whatever was ever paid to him at any time for said endorsement. This is not a denial of the facts as alleged in the complaint, and the rights and liabilities of the parties upon these facts are conclusions of law.

The question as to the relation of a party signing his name upon the back of a promissory note, under these circumstances, has been repeatedly before this court for consideration.

It has in every instance been determined, that his relation, rights and obligations, are those of a maker, and that he is not entitled to demand and notice as an endorser. *Peckham & Spencer v. Gilman & Co.*, 7 Minn. 446; *McComb, Simpson & Co. v. Thompson*, 2 Minn. 139; *Marienthal, Lehman & Co. v. Taylor & White*, Ib. 147. This is in harmony with the weight of authority in England and our own country.

The "extract from the evidence and proceedings before the referee as reported to the court," in the absence of an agreement by the parties, and no case having been settled, was improperly embraced in the return, and must be stricken therefrom.

But as the plaintiff would in any event be entitled to judgment on the pleadings, the effect in this case cannot be material.