JOHN G. SALISBURY ET AL. V. FIRST NATIONAL BANK OF CAMBRIDGE CITY ET AL.

FILED OCTOBER 17, 1893.   No. 4962.

**Negotiable Instruments:** INDORSEMENT IN BLANK: LIABILITY OF INDORSER.   A person, other than a payee, who signs his name in blank upon the back of a promissory note at the time of its execution, and before its delivery to the payee, is, as to a subsequent *bona fide* holder for value, liable thereon as a joint maker.

ERROR from the district court of Douglas county.   Tried below before HOPEWELL, J.

The facts are stated in the opinion.

*Brôme, Andrews & Sheean,* for plaintiffs in error:

The plaintiffs in error are liable upon the note as indorsers only. (*Ellis v. Brown,* 6 Barb. [N. Y.], 282; *Spies v. Gilmore,* 1 Comst. [N. Y.], 321; *Cottrell v. Conklin,* 4 Duer [N. Y.], 45; *Moore v. Cross,* 19 N. Y., 227; *Bacon v. Burnham,* 37 Id., 614; *Phelps v. Vischer,* 50 Id., 69; *Slack v. Kirk,* 67 Pa. St., 380; *Clouston v. Barbiere,* 4 Sneed [Tenn.], 336; *Fear v. Dunlap,* 1 Greene [Ia.], 331; *Pierce v. Kennedy,* 5 Cal., 138; *Jones v. Goodwin,* 39 Id., 493; *Jennings v. Thomas,* 13 Smedes & M. [Miss.], 617; *Coulter v. Richmond,* 59 N. Y., 479; *Jaffray v. Brown,* 74 Id., 394; *Lynch v. Levy,* 11 Hun [N. Y.], 145; *Paine v.

*Noelke*, 53 How. Pr. Rep. [N. Y.], 273; *Whiting v. Pittsburgh Opera House Co.*, 88 Pa. St., 101.) The plaintiffs in error are not liable as makers. (*Webster v. Cobb*, 17 Ill., 459; *Blatchford v. Milliken*, 35 Id., 434; *Greenough v. Smead*, 3 O. St., 415; *Seymour v. Leyman*, 10 Id., 283; *Sturtevant v. Randall*, 53 Me., 154; *Lowell v. Gage*, 38 Id., 36; *Cook v. Southwick*, 9 Tex., 615; *Carr v. Rowland*, 14 Id., 275; *Chandler v. Westfall*, 30 Id., 477; *McGwire v. Bosworth*, 1 La. An., 248; *Chorn v. Merrill*, 9 Id., 533; *Killian v. Ashley*, 24 Ark., 511.) The court below should have permitted oral testimony on the part of plaintiffs in error, showing the intent with which they indorsed the note and the fact that they were not interested in the consideration. Where a stranger signs a note on the back before delivery to the payee he is only *prima facie* liable as an original promisor. (*Sylvester v. Downer*, 20 Vt., 355; *Schneider v. Schiffman*, 20 Mo., 571; *Childs v. Wyman*, 44 Me., 433; *Perkins v. Barstow*, 6 R. I., 505; *Currier v. Fellows*, 7 Fost. [N. H.], 366; *Carpenter v. Oaks*, 10 Rich. [S. Car.], 17; *Cecil v. Mix*, 6 Ind., 478; *Peckham v. Gilman*, 7 Minn., 446; *Vore v. Hurst*, 13 Ind., 555; *Orrick v. Colston*, 7 Gratt. [Va.], 189.)

*Congdon & Clarkson, contra:*

It being admitted that the names were upon the back of the note at its delivery to the payee, the liability of the irregular indorsers is fixed presumptively as that of joint makers, and in the absence of an allegation to support parol evidence combating the presumption, parol evidence is inadmissible, particularly against a *bona fide* holder for value before maturity. (*Robinson v. Bartlett*, 11 Minn., 410; *Cayuga County National Bank v. Dunkin*, 29 Mo. App., 442; *Melton v. Brown*, 6 So. Rep. [Fla.], 211; *Rothschild v. Grix*, 31 Mich., 150; *Weatherwax v. Paine*, 2 Id., 555; *Sibley v. Muskegon Nat. Bank*, 41 Id., 196; *Derry Bank v. Baldwin*, 41 N. H., 434; *Schroeder v. Turner*, 13 Atl. Rep.

[Md.], 331; *Stevens v. Parsons*, 14 Id. [Me.], 741; *Bellows Falls Nat. Bank v. Dorset Marble Co.*, 61 Vt., 106; *Cahn v. Dutton*, 60 Mo., 297; *Schmidt v. Schmaelter*, 45 Mo., 502; *Bradford v. Martin*, 3 Sand. [N. Y.], 647; *Western Boatman's Benevolent Association v. Wolff*, 45 Mo., 104; *Lowell v. Gage*, 38 Me., 35; *Woods v. Woods*, 127 Mass., 141; *Spaulding v. Putnam*, 128 Id., 363; *Austin v. Boyd*, 24 Pick. [Mass.], 64; *Hawks v. Phillips*, 7 Gray [Mass.], 284; *Semple v. Turner*, 65 Mo., 696; *Buchner v. Liebig*, 38 Id., 188; *Leonard v. Wildes*, 36 Me., 265; *Schley v. Merrit*, 37 Md., 352; *Nathan v. Sloan*, 34 Ark., 524; *Chandler v. Westfall*, 30 Tex., 477; *Syme v. Brown*, 19 La. Ann., 147; *Burton v. Hansford*, 10 W. Va., 470; *Way v. Butterworth*, 108 Mass., 512; *Union Bank of Weymouth v. Willis*, 8 Met. [Mass.], 504; *Brown v. Butler*, 99 Mass., 179; *Good v. Martin*, 95 U. S., 90; *Draper v. Weld*, 13 Gray [Mass.], 580; *Herbage v. McEntee*, 40 Mich., 337; *Pearson v. Stoddard*, 9 Gray [Mass.], 199; *Clapp v. Rice*, 13 Id., 403; *Woodman v. Boothby*, 66 Me., 389; *Third National Bank of Baltimore v. Lange*, 51 Md., 138; *Hoffman v. Moore*, 82 N. Car., 313; Tiedeman, Commercial Paper, sec. 271.)

NORVAL, J.

This action was brought in the court below by the First National Bank of Cambridge City, Indiana, against the plaintiffs in error and one Cora H. Sloman as makers, and the Bank of Omaha as indorser, of a promissory note, of which the following is a copy:

"$2,500.00.            OMAHA, NEB., Feb. 15, 1889.

"Ninety days after date, we, or either of us, promise to pay to the Bank of Omaha, or order, twenty-five hundred and $\frac{no}{100}$ dollars, for value received, payable at the Bank of Omaha, Omaha, Neb., with interest at the rate of ten per cent per annum from maturity until paid.

"C. H. SLOMAN."

At the time of the making of said note and its delivery to the payee the names of J. G. Salisbury and S. A. Sloman appeared upon the back thereof. Subsequently, but before the maturity of the note, it was indorsed and transferred by the Bank of Omaha to the defendant in error, The First National Bank of Cambridge City. No notice of non-payment was given to J. G. Salisbury and S. A. Sloman at maturity. The note was sent by the plaintiff below to the Bank of Omaha for collection prior to its maturity, where it remained until after the same fell due. The Bank of Omaha made no defense. Cora H. Sloman set up two defenses: First, payment; and second, coverture. The former she withdrew upon the trial. Salisbury and S. A. Sloman each filed a separate answer, which "denies that he executed and delivered the promissory note described in the petition, but avers and charges the fact to be that the defendant, at the time of the delivery of said note to the Bank of Omaha, was simply accommodation indorser thereon, the name of this defendant being written across the back of said note. Nor did said defendant receive any part of the consideration for which said note was given." Each answer further alleged that the note was not protested for non-payment, nor was notice of non-payment given to the defendants at the time of the maturity thereof.

Plaintiff replied by a general denial.

Upon the trial the jury, under the instructions of the court, returned a verdict in favor of the plaintiff, and against all the defendants for the full amount of the note and interest. Separate motions for a new trial were filed by plaintiffs in error and Cora A. Sloman, which were overruled, and judgment entered on the verdict.

The question to be considered by this court is this: Were plaintiffs in error liable as makers of said note, or were they chargeable as accommodation indorsers, merely? If the obligation they assumed by indorsing their names

upon the back of the note, before its delivery to the payee, was that of maker, the judgment under review was right; otherwise, not, inasmuch as no notice of non-payment at maturity was given to plaintiffs in error. The kind of liability that the law presumes is assumed by one who signs his name in blank upon the back of a negotiable promissory note at the time of its execution, and before its delivery to the payee, has never been passed upon or decided by this court, and there is a great diversity of holding upon the question by text writers and courts in this country.

Several courts of high standing sustain the doctrine for which plaintiffs in error contend, namely, that, where a stranger writes his name across the back of a note before its delivery to the payee, he is liable thereon as an indorser. (*Moore v. Cross*, 19 N. Y., 227; *Phelps v. Vischer*, 50 Id., 69; *Slack v. Kirk*, 67 Pa. St., 380; *Clouston v. Barbiere*, 4 Sneed [Tenn.], 336; *Jennings v. Thomas*, 13 Smedes & M. [Miss.], 617; *Jones v. Goodwin*, 39 Cal., 493.)

There is another line of decisions which hold that a person so indorsing a note is chargeable, *prima facie*, as a grantor. (*Webster v. Cobb*, 17 Ill., 459; *Blatchford v. Milliken*, 35 Ill., 434; *Lowell v. Gage*, 38 Me., 36; *Sturtevant v. Randall*, 53 Id., 154; *Cook v. Southwick*, 9 Tex., 615; *Killian v. Ashley*, 24 Ark., 511.)

The decided weight of authority supports the rule adopted by the trial court in this case, and that is that plaintiffs in error are liable as joint makers. (Story, Promissory Notes, secs. 468, 469; *Good v. Martin*, 95 U. S., 90; *First Nat. Bank of Worcester v. Lock-Stitch Fence Co.*, 24 Fed. Rep., 221; *Bendey v. Townsend*, 3 Sup. Ct. Rep., 482; *Chaddock v. Vanness*, 35 N. J. Law, 517; *Quin v. Sterne*, 26 Ga., 223; *Sylvester v. Downer*, 20 Vt., 355; *National Bank v. Dorset Marble Co.*, 17 Atl. Rep. [Vt.], 42; *Robinson v. Bartlett*, 11 Minn., 410; *Peckham v. Gilman*, 7 Id., 446; *Schmidt v. Schmaelter*, 45 Mo., 502;

*Cahn v. Dutton,* 60 Mo., 297; *Melton v. Brown,* 6 So. Rep. [Fla.], 211; *Wetherwax v. Paine,* 2 Mich., 555; *Sibley v. Muskegon Nat. Bank,* 41 Id., 196; *Moynahan v. Hanaford,* 42 Id., 329; *Flint v. Day,* 9 Vt., 315; *Sandford v. Norton,* 14 Id., 228; *Stevens v. Parsons,* 14 Atl. Rep. [Me.], 741; *Schroeder v. Turner,* 13 Atl. Rep. [Md.], 331; *Bright v. Carpenter,* 9 O., 139; *Derry Bank v. Baldwin,* 41 N. H., 434; *Perkins v. Barstow,* 6 R. I., 505; *Baker v. Robinson,* 63 N. Car., 191; *Hoffman v. Moore,* 82 Id., 313; *Brown v. Butler,* 99 Mass., 179; *Way v. Butterworth,* 108 Id., 509.) Many other authorities to the same effect could be cited.

In *Bright v. Carpenter, supra,* Lane, C. J., observes : "If a person, not a party, give his name to a note already existing, his engagement is collateral only, and he is to be held as guarantor; but if such a person sign his name to such a paper at the time of its execution, without prescribing the limits of his responsibility, he authorizes the holder to treat him as a maker, and is as much bound as if his name was written under that of the principal."

Judge Story, in discussing the question in his valuable work on Promissory Notes at section 469, says : "The principle upon which all these cases turn is the same; and that is, to expound the particular transaction, without reference to the form which it has assumed, in such a manner as will best carry into effect the substantial intention of the parties, *ut res magis valeat quam pereat,* rather than by a close or technical interpretation, adhering to the letter, to defeat the very objects and purposes for which alone the transaction must have taken place, and thus to make it operate at once as a delusion and a fraud upon the ignorant or the unwary. Nor is there anything novel in this mode of interpretation applied to this class of cases. It stands upon the principle that two instruments of the same general nature, both executed at the same time and relating to the same subject-matter, are to be construed together, as forming but one

agreement. As he who signs on the face, and he who indorses his name on the back, both promise to do the very same thing, to-wit, to pay the money at the specified time, they may, without doing violence to the contract, be deemed as joint makers; and as, in point of form, each promises for himself, the undertaking may be treated as several as well as joint. In respect to the consideration, it has been thought sufficient that the indorsement purports to be 'for value received,' or that the consideration, if not expressed, is established in proof by the contemporaneous facts when the note was made."

There is no room for doubt that where a person not a payee places his name upon the back of a note in blank, before it has passed into the hands of the payee, he may be proceeded against as maker, indorser, or guarantor, according to the circumstances of the case and the intention of the parties at the time of the transaction; but as between the original parties, at least, parol evidence is admissible to show the real character of the obligation assumed by him; that is, whether his undertaking was that of a joint maker, guarantor, or indorser. We are constrained to adopt the rule sustained by the current of authorities, and the one which is in harmony with the decisions of the supreme court of the United States, namely, that when a third person indorses his name upon a note in blank at the time it is executed, and before delivery, the law presumes, in the absence of evidence showing the nature of his undertaking, that he intended to assume the liability of an original promisor. Applying this rule to the case at bar it will be presumed that the plaintiffs in error, by placing their names upon the back of the paper in suit, intended to incur the liability of a maker.

We do not think that the trial court erred in not permitting plaintiffs in error to show the intent with which they backed the note in controversy. The answer was not sufficient to admit of such proof. Besides, plaintiff below

purchased the paper in good faith, for value, before maturity; and as against such indorsee, parol evidence was inadmissible to show that the character or limit of the liability of plaintiffs in error was other or different from that which the law presumes it to be.

Cora H. Sloman filed a separate petition in error in the case in this court, but having failed to favor us either with a brief or oral argument upon her assignments of error, and no error appearing upon the record prejudicial to her rights, her petition in error is overruled.    The judgment of the district court is

AFFIRMED.

THE other judges concur.