The opinion of the Court was delivered by
RjchaRdson, J.
Upon the first ground, I am of opinion that the statute of limitations did not commence running until the plaintiff had actually paid the money for which he was security. Until he had done so, what sum could he have recovered ? Not the whole amount of the Jadgment merely, because he might hereafter be ^required to dis- -* charge it, nor a part of it, for the same reason. At this stage, there was no more than a debt due by him for the defendant, as was the case when the note became due, but as yet he had paid nothing for his principal, and, of course, had no claim to remuneration. His danger had been increased by the judgment, but he was still unhurt, and what damages could be assessed for the risk he ran ? Any suit at law would then have been nugatory.
Whether Taylor’s certificate was competent testimony to prove money paid by defendant, depends upon the construction placed upon it. To me it appears, that inasmuch as Taylor had been the attorney on record of Frier, and entitled to receive the costs, that his certificate would constitute a bar to the further recovery of the costs so certified to have been paid by the attorney, or the certificate may be construed to be a receipt for the costs by Mr. Taylor, and therefore are not only legal evidence, but, like all receipts given by creditors or their proper agents to their debtors, the very highest evidence.[1]
As to the third ground, I am of opinion that there was no proof that the plaintiff had not been a principal in the note. His name being subscribed after that of the defendant, is entirely too vague. The principal sum being paid by Stevens, is as unsatisfactory, and Taylor’s certificate *671 is altogether incompetent to satisfy this inquiry. IJpon this ground, then, I am of opinion that a new trial should be granted; and the majority of the Court have come to the same conclusion, though perhaps not all upon the same grounds.
Upon the question of interest, I am of opinion that wherever a specific sum of money has been paid by one man for another, and the amount and time can be ascertained by any memorandum in writing, legally adduced to prove the transaction, interest may be allowed.[1] Upon the modern decisions, I might go farther, and say, that wherever money has been laid out for the use of another, interest may be recovered. 1 Binn. 488. 1 Dali. 349. 1 Yes. 63. 2 Bur. 1077. *1 H. Blk. 305. The certificate or receipt being then considered competent to show the L 4y money paid, interest would follow from the date.
The motion is granted.
IsTott and Bay, JJ., concurred.

 7 Rich. 66; 1 Sp. 53.

 5 Rich. 298; 1 N. & McC. 57 ; 2 McC. 125.