McCRADY v. JONES.

1. Notes—Endorsers—Limitation of Actions.—A promissory note signed by three endorsers was paid after maturity by the third endorser, who, within six years after payment, but more than six years after maturity of the note, brought action against the second endorser, who was an accommodation endorser. *Held*, that plaintiff had no cause of action against defendant until he had made his payment, and that, therefore, this action was not barred by the statute of limitations.

2. Ibid.—Ibid.—Ibid.—Analogy pointed out between this case and case where last endorser pays less than amount due, and is limited in his recovery against a prior endorser to the amount paid, and between this case and the equity of contribution among cosureties.

3. Ibid.—Ibid.—Interest.—The plaintiff's cause of action being for money paid which defendant ought to have paid, the plaintiff could recover the

amount paid, with interest at the legal rate only, and not at a higher rate stipulated in the note to be paid after maturity.

4. JUDGMENT AFFIRMED for amount as reduced by the correction.

Before FRASER, J., Richland, April, 1894.

Action by Edward McCrady against Allen Jones and T. C. Robertson, as Jones & Robertson, commenced February 1, 1893.

*Mr. R. W. Shand,* for appellant.

*Mr. E. S. Douglass,* contra.

July 15, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. On the 20th of January, 1886, W. R. Davie made his promissory note, whereby he promised to pay, sixty days after said date, to himself or order, at the office of Roddey & Son, bankers, the sum of $520.41, the note containing these additional words: "If not paid at maturity, interest thereafter at the rate of ten per cent. per annum until the whole is paid." This note was thereafter endorsed on the same day by the following parties, in the following order: W. R. Davie, Jones & Robertson, and Edward McCrady, and the note was discounted by Roddey & Son for W. R. Davie. On the 10th of September, 1887, the plaintiff paid this note to Roddey & Son, and on the 1st of February, 1893, this action was commenced to recover the amount thereof. The only defence relied upon at the trial was the statute of limitations, the defendants claiming that they were accommodation endorsers, as to which there was some conflict of testimony. The Circuit Judge was requested to charge, that if the jury find that the defendants, Jones & Robertson, were only accommodation endorsers, and that more than six years elapsed after the maturity of the note before this action was commenced, then the statute of limitations is a bar to the action. The Circuit Judge declined so to charge, and, on the contrary, instructed the jury that it makes no difference whether the defendants were accommodation endorsers or not; for, even if they were, the statute of limitations did not commence to run in favor of defendants against the claim of the plaintiff until he paid the money due

upon the note to the holders thereof; and this having been done within six years before the action was commenced, the plaintiff's claim was not barred by the statute of limitations.

He also instructed the jury as follows: "The defendants are liable for the amount of the note and interest. The complaint demands interest on the whole amount paid by McCrady, $589.76, with interest from date of payment. The paper draws interest at ten per cent. on its face. I think he is entitled to the note and interest at ten per cent. from the time of the payment on the original amount of the note, $589, and interest on $520.41 from the 19th September, 1887—that is, when paid. So much as he has paid as interest does not draw interest now." (NOTE.—It will be observed that there is a slight discrepancy between the date of the payment made by McCrady, as stated in the "Case" and as stated in the judge's charge, the date stated in the "Case" being the 10th of September, 1887, while in the judge's charge the date is given as the 19th September, 1887; but we do not see that this discrepancy affects the questions involved.)

The jury rendered a verdict in favor of the plaintiff for $938.10, and, judgment having been entered thereon, the defendants appealed upon the several grounds set out in the record, which need not be set forth here, as they raise but two questions: 1st. Whether there was error in overruling the plea of the statute of limitations? 2d. Whether there was error in the instructions given to the jury as to the interest which plaintiff was entitled to recover?

While it is true, as has been stated, that there was a conflict of testimony as to whether the defendants were mere accommodation endorsers, or endorsers for value, yet, under the view taken by the Circuit Judge, upon which he based his instructions to the jury, it is but fair to the appellants to assume, for the purpose of the inquiry, that they were accommodation endorsers; and we shall proceed upon that assumption.

It seems to be conceded that we have no case in this State precisely in point, and it would appear from the argument of counsel that the authorities elsewhere are conflicting. We

must, therefore, base our conclusions upon inferences drawn from what we regard as well settled upon legal principles. It is well settled that when a question arises as to whether an action is barred by the statute of limitations the primal inquiry is, when did the cause of action accrue? Accordingly the Code provides: "Sec. 94. Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued." So that the practical inquiry in this case is, when did the plaintiff's cause of action against the defendants accrue? If it accrued at the maturity of the note, then clearly the action was barred by the statute, for it was not commenced within six years from that date. But if the cause of action did not accrue until the payment of the amount due on the note, then it is equally clear that the action was not barred, as it was commenced within six years from the date of such payment, whether the correct date of the payment be the 10th or the 19th of September, 1887.

We confess that we are unable to perceive how it can, with any propriety, be said that a cause of action accrued to the plaintiff against the defendants, at the maturity of the note, for he had not then paid the note, and while the defendants may have violated their obligation to pay the note at maturity, yet such violation afforded no cause of action *to the plaintiff*, but only to the then holder of the note. The test of this is that if the plaintiff had, at the maturity of the note, commenced an action against the defendants, his action would have necessarily failed, because no cause of action had then accrued to him. It seems to us that the relations between these parties are well defined by Marshall, C. J., in *McDonald* v. *Magruder*, 3 Peters, 470, a case of accommodation endorsers, when he says: "That a prior endorser is, in the regular course of business, liable to his endorsee, although that endorsee may have afterwards endorsed the same note, is unquestionable. When he takes up the note, he becomes the holder as entirely as if he had never parted with it, and may sue the endorser for the amount. The first endorser undertakes that the maker shall pay the note, or that he, if due diligence be used, will pay it for him. This undertaking makes him responsible to every holder, and to

every person whose name is on the note subsequent to his own, and who has been compelled to pay its amount." It follows, necessarily, from this view of the relations between the parties, that a second endorser cannot maintain an action against the prior endorser until he has paid the note upon which they are both endorsers and both liable to the payee or holder, for the reason that no cause of action against the first endorser accrues to the second endorser until he has paid the note.

We suppose that the contrary view rests upon the theory that the second endorser, when he pays the note, becomes the owner and holder of the note, by assignment as it were, and has no higher rights then his assignor, whose cause of action accrued at the maturity of the note; but we cannot accept such a theory, for this would place a second endorser, who has paid the note, precisely in the position of any third person, wholly disconnected with such note, who has purchased it in open market. On the contrary, the true theory is, that the first endorser, by the contract of endorsement, assumes the responsibility of paying the note, if the maker fails to pay, to the relief of the second endorser. When, therefore, the second endorser pays the note, he thereby acquires a cause of action against his prior endorser, because he had paid a debt for which the prior endorser is, as between themselves, primarily liable, though both are liable to the creditor for such debt. Hence it is not the case of the *voluntary* payment of a debt by one person for another, from which no cause of action would arise, as was held in *Lowrance* v. *Robertson*, 10 S. C., at page 33, and the cases there cited, but it is a case in which, both parties being legally liable to the creditor, but, as between themselves, in different order, the one secondarily liable pays the debt for which the other is primarily liable, the amount of which the latter is, in equity and good conscience, bound to refund to the former. Of course, this involves the idea that, at the time of payment, both parties must be *legally* liable for the payment of the debt, for, otherwise, it could not be said that the party primarily responsible had been relieved of a *legal* liability by the payment made by the other. Hence, if McCrady had not paid this note until after the right of action thereon had been

barred by the statute, when none of the parties would have any longer been *legally* liable for the payment of the same, this action could not have been maintained. But such was not the fact, for the payment was made in September, 1887—within six years after the maturity of the note.

There is another view which tends to support the conclusion which we have adopted. The cases of *Wiffen* v. *Roberts*, 1 Esp., 261, *Brown* v. *Mott*, 7 Johns., 361, and *Braman* v. *Hess*, 13 *Id.*, 52, seems to hold, that when a second endorser takes up a note, by paying less than the amount due thereon, he can only recover the amount which he actually paid, in an action against the prior endorser. If this be so, then it follows that his cause of action is not the breach of the contract evidenced by the note, for, in that case, the measure of the recovery would be the whole amout due on the note, but that his real cause of action is the amount paid by him to the relief of his prior endorser.

Again, our conclusion is sustained by the analogy drawn from the doctrine in regard to the action for contribution amongst cosureties, which really rests upon the same principle applied above—that the cause of action rests upon the fact, that one surety has paid money which ought to have been paid by the other. And in such a case it is well settled that the cause of action does not accrue, and the statute of limitations does not commence to run until the money is paid. *Thompson* v. *Stevens*, 2 Nott & McC., 493; *Peters* v. *Barnhill*, 1 Hill, 234; *Knotts* v. *Butler*, 10 Rich. Eq., 143. For while it is quite true that endorsers are not to be regarded as standing in all respects in the relation of cosureties, and hence it was held in *Ross* v. *Jones*, 22 Wall, 576, that an endorser, whose liability had become fixed by proof of demand and notice, could not avail himself of the benefit of a special statute of Arkansas, providing that any person bound "*as security*" for another on a note may, at any time after action has been accrued thereon, require the holder of the note to commence action against the principal debtor within a specified time, and a failure to comply with such demand will exonerate "*such security*;" yet Mr. Justice Clifford, in delivering the opinion of the court in that case, explicitly

recognizes the doctrine, that endorsers are, in some respects, nothing more than sureties of the maker of the note; but after pointing out the differences in the liability of endorsers and sureties, one of which is that, in the case of sureties, the cause of action against them accrues at the same time that it does against the principal debtor, while in the case of endorsers the cause of action does not accrue at the same time with that of the maker, as the endorser is not liable, and, therefore, the cause of action does not accrue against him until after proof of demand and notice, or its equivalent, while the cause of action against the maker accrues immediately upon his failure to pay the note at maturity; and his conclusion seems to be based really upon the ground that the Arkansas statute is in derogation of the common law, and must be construed strictly, and hence cannot be applied except to the class of persons specifically named therein.

So, also, it was held, in *Donald* v. *Magruder, supra,* that there was no right of contribution amongst endorsers as in case of cosureties, unless there was a special agreement to that effect, for the reason that their promise to pay was not joint but several, and each has made a separate promise to pay, in the order in which their names appear upon the note. But, while this is so, yet it seems to us that the real foundation of the right of action on the part of the second endorser against his prior endorser is, that the one has been compelled to pay money which the other ought to have paid, just as in case of cosureties, where one has paid not only the one-half which he ought to have paid, but also the other half which his cosurety ought to have paid, and by such payment his cause of action then accrued, and the statute of limitation could not commence to run until such payment was made.

It seems to us, therefore, that there was no error on the part of the Circuit Judge in declining to sustain defendants' plea of the statute of limitations.

As to the instruction given to the jury in relation to the matter of interest, we think the Circuit Judge was in error.

If, as we have seen, the plaintiff's cause of action was the breach of the implied undertaking to pay the amount

due on the note, then the measure of plaintiff's recovery clearly was the amount which the defendants ought to have paid, but which was, in fact, paid for them by the plaintiff, with interest on such amount at the rate of seven per cent. per annum, from the date of such payment to the time when the verdict was rendered. *Aiken* v. *Peay*, 5 Strob., 17; and any amount in excess of the sum so ascertained was erroneously recovered. But this error does not require that a new trial absolute should be ordered, as the error may be rectified by plaintiff remitting on the record the amount in excess of that which he was entitled to recover.

The judgment of this court is, that the judgment of the Circuit Court be reversed, for the error just mentioned, and a new trial be had, unless the plaintiff shall, within twenty days after the written notice of this decision, enter upon the record a *remittitur* for so much of the recovery as may be in excess of the amount paid by him, with interest thereon from the date of such payment at the rate of seven per cent. per annum, to the day when the verdict was rendered, and upon the entry of such *remittitur* that the judgment of the Circuit Court be affirmed for the amount so reduced.