## STATE v. WESTMORELAND.

1. CONSTITUTION—FAITH AND CREDIT—COLLATERAL ATTACK.—A judgment of divorce in a foreign State may be collaterally attacked in this State by showing by parol plaintiff was not a citizen of the foreign State but of this State when the judgment was obtained, although the averment in the record is he was a citizen of the foreign State, and a marriage in such foreign State after such judgment is invalid in this State if the party was a citizen of this State when indictment was found.

2. STATUTE—DEFENSE.—Absenec of an intention to violate a statute is not a defense to an indictment for such violation.

Before GAGE, J., Lexington, Summer Term, 1905. Affirmed.

Indictment against Wm. Westmoreland for living in adultery with Dora Burgess. Defendant appeals.

*Messrs. Efird & Dreher, E. F. Strother* and *B. F. Gunter,* for appellant.

*Messrs. Efird & Dreher* cite: *Evidence of the effect of the decree of divorce in Georgia should have been admitted:* 176 U. S., 640. *Parol evidence should not have been admitted*

10—76

*to show the Court of Georgia had not acquired jurisdiction of plaintiff:* 6 Cranch., 483; 7 How., 172; 17 How., 52; 144 U. S., 119; 2 How., 319; 14 Minn., 537; 31 Ind., 444; 29 N. Y., 106; 18 Minn., 531; 6 Pick., 232; 5 N. Y., 497; 75 Ind., 20; 139 Pa., 132; 35 Ala., 144; 23 L. R. A., 287; 52 Mich., 92; 6 Am. R., 132; 57 N. J. Eq., 322; 182 U. S., 583; 110 U. S., 701; 181 U. S., 155; 188 U. S., 14; 201 U. S., 561. *Cases cited to sustain the contrary doctrine:* 181 U. S., 175; 18 Wall., 469; 56 Ind., 263; 37 Ohio St., 317; 25 Mich., 247; 122 Mass., 156; 162 Ill., 589; 43 La. Ann., 140; 78 Me., 187; 39 N. H., 20.

*Mr. Strother* cites: *Evidence of the force and effect of the divorce decree in Georgia should have been admitted:* 7 Cranch., 481; 3 Wheat., 234; 2 Paine, 209. *Parol evidence should not have been admitted to contradict the record of the Court of Georgia:* 45 N. Y., 535; 78 Fed. Rep., 834; 71 N. W. R., 393; 13 Ency., 994; 148 Ill., 546; 42 At. Rep., 330; 13 Pet., 326; 56 S. C., 1; 35 S. C., 613; 110 U. S., 701; Story on Conflict of Laws, sec. 220; 9 Wall., 108; 7 Ency. P. & P., 138. *Offense of adultery cannot be committed without a criminal intent:* 46 Ind., 459; 4 Ency., 750; 7 Met., 472. *Marriage in Georgia after divorce there is valid here:* 44 S. C., 218; 57 L. R. A., 155; 3 Ark., 368.

*Solicitor Geo. B. Timmerman* and *Messrs. G. T. Graham* and *E. L. Asbill,* contra. The two former cite: *A foreign divorce judgment can be attached collaterally for want of jurisdiction either of the subject matter or of the person:* 14 Cyc., 820, 816; 4 S. Ct., 221; 23 S. Ct., 237. *And if void for want of jurisdiction, the decree is given no effect in the courts of another jurisdiction:* 14 Cyc., 816; 28 Ala., 12; 54 Ia., 429; 18 Pa. Co. Ct., 401; 24 S. Ct., 221; 23 S. Ct., 237. *A marriage ceremony performed in a foreign State for the purpose of evading the laws of this State is void:* 14 Cyc., 821. *And such a judgment is void anywhere:* 26 S. C., 133; *Bull* v. *Rowe,* 13 S. C.; *Douglass* v. *Craig,* 13 S. C.

*What is essential to make a place one's domicile?* 73 S. C.,
184.

February 15, 1907.   The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS.   This appeal is from a conviction
and sentence in the Court of General Sessions for Lexington
County for the crime of adultery.   The State proved the
marriage of the defendant to his wife Malsy, his separation
from her, and his living in Lexington County with one Dora
Burgess as if she were his lawful wife.   In support of his
defense, that he had been divorced from his wife Malsy,
and, therefore, could not be guilty of the crime of adultery,
defendant offered the record of divorce proceedings in the
Superior Court of Richmond County, Ga., instituted under
the statute of Georgia which allowed divorce on the ground
of wilful desertion continued for three years, which proceed-
ings had resulted in a judgment of divorce *a vinculo matri-
monii.*   In that suit the wife appeared in person, acknow-
ledged service of the libel, and waived all further and other
service and notice, and the record was admitted to be in all
respects regular on its face.   The State, however, on the
ground that the Georgia Court was without jurisdiction,
assailed the judgment, and undertook to prove it a nullity
by introducing parol evidence to the effect that the defend-
ant, Westmoreland, at the time of the filing of the petition
for divorce and the rendition of the judgment, was not in
fact a resident of Richmond County, but of Lexington
County, in this State.

On this point the Circuit Judge charged the jury, if the
defendant was a resident of the State of Georgia at the time
the divorce proceedings were carried through the Georgia
Court, then the decree of divorce must be recognized in this
State as a complete protection to him against the charge of
adultery; but if he went to Georgia for a mere temporary
purpose, with no intention to become a resident, then the
Georgia Court was without jurisdiction and its decree would

be a nullity, having no effect on the status of the defendant, Westmoreland, as a married man, and, therefore, affording him no protection.

In the second and third exceptions it is submitted the Circuit Court should not have allowed the record of the Georgia Court, regular on its face, to be attacked by the introduction of parol evidence showing want of jurisdiction; and should not have submitted to the jury, under such evidence, the question of the domicile or residence of the defendant necessary to confer jurisdiction on the Georgia Court; but, on the contrary, should have charged that the jurisdiction of the Georgia Court was not subject to collateral attack, that the defendant must be considered legally divorced from his wife, and, therefore, entitled to an acquittal of the charge of living in adultery with another woman.

Any discussion of the principle involved in these exceptions would be a work of supererogation, for the point has been decided and the decision reaffirmed by the Supreme Court of the United States, the tribunal whose authority is final in such matters. After elaborate discussion in an opinion rendered by Mr. Justice Bradley, in *Thompson* v. *Whitman,* 18 Wallace, 457, 21 L. Ed., 897, the Court reached the conclusion thus well stated in the syllabus: "Neither the constitutional provision that full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State, or the act of Congress passed in pursuance thereof, prevents an inquiry into the jurisdiction of the Court by which a judgment offered in evidence was rendered. The record of a judgment rendered in another State may be contradicted as to the facts necessary to give the Court jurisdiction; and if it be shown that such facts did not exist, the record will be a nullity, notwithstanding that it may recite they did exist." This decision was afterwards followed in *State of Wisconsin* v. *Ins. Co.,* 127 U. S., 265, 32 L. Ed., 239; *Streitwolf* v. *Streitwolf,* 181 U. S., 177, 45 L. Ed., 807; *Andrews* v. *Andrews,* 188 U. S., 15, 47 L. Ed., 366; *German Savings & Loan Society* v. *Dormitzer,* 192 U.

S., 125, 48 L. Ed., 373; and it is referred to with approval in *Haddock* v. *Haddock*, 201 U. S., 561, 50 L. Ed , 885, and *McCreery* v. *Davis*, 44 S. C., 21, 22 S. E., 414.

. The distinction between these cases and *Harding* v. *Harding*, 198 U. S., 331, is obvious.    In that case the attempt was not made in the California Court to impeach the judgment of an Illinois Court of record on account of any alleged non-existence of the fact necessary to the jurisdiction of the Illinois Court, but to disprove a finding as to the desertion of the wife—a finding of fact made after the jurisdiction had attached; and it was held the judgment of the Illinois Court on that issue was conclusive on the California Court.

Any finding by the Georgia Court in this case appearing in its record, that the defendant was a resident of that State, would in this State avail only as *prima facie* proof of the fact, and evidence to rebut the presumption in favor of such finding was competent.    It is said in *Thompson* v. *Whitman, supra:* "If it is once conceded that the validity of a judgment may be attacked collaterally by evidence showing that the Court had no jurisdiction, it is not perceived how any allegation contained in the record itself, however strongly made, can affect the right so to question it.    The very object of the evidence is to invalidate the paper as a record.    If that can be successfully done, no statements contained therein have any force.    If any such statements could be used to prevent inquiry, a slight form of words might always be adopted so as to effectually nullify the right of such inquiry.    Recitals of this kind must be regarded like asservations of good faith in a deed, which avail nothing if the instrument is shown to be fraudulent.    The records of the domestic tribunals of England and some of the States, it is true, are held to import absolute verity as well in relation to jurisdictional as to other facts, in all collateral proceedings.    Public policy and the dignity of the Courts are supposed to require that no averment shall be admitted to contradict the record.    But, as we have seen, that rule has no extra territorial force."

The defendant complains that the following request, to charge was refused: "One of the records in this case is a certificate of marriage of William Westmoreland and Adora Burgess in the State of Georgia, and such marriage in that State, after divorce there obtained, is valid in this State." At the time this indictment was found the defendant was a resident of this State, and as we have seen, the State of South Carolina in a proceeding instituted for the enforcement of its own laws could inquire into the jurisdiction of the Georgia Court to grant the divorce interposed by the defendant as his protection. If upon such inquiry it be found the Georgia Court had no jurisdiction, the divorce as to this State, at least, would be an absolute nullity *ab initio*, and the marriage in Georgia no marriage. If that divorce falls, the second marriage must of necessity fall with it, and the place of the ceremony could make no difference.

The defendant also preferred this request which was refused: "That if you find this defendant did all within the purview of his knowledge to comply with the laws in securing a divorce and thereby keep from living in adultery, that while so acting, he unknowingly violated the laws of this State, that under such circumstances the innocence of the law coupled with no knowledge of the facts excuses him." All acts upon which the conviction depends were the acts of the defendant and all omissions which made his defence unavailing, including the omission to establish a domicile in Georgia conferring jurisdiction on the Courts of that State, were omissions of the defendant. There was, therefore, nothing in the evidence upon which a charge as to lack of knowledge by the defendant of the facts, could apply. The absence of an intention to violate the statute is not a defense. *State* v. *Reeder,* 36 S. C., 497, 15 S. E., 544; *State* v. *Assman,* 46 S. C., 564, 24 S. E. 673.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.